18712

Flora McKinney WELCH, Respondent, v. George H. WELCH, Appellant

(157 S. E. (2d) 249)

*Messrs. William L. Thompson, S. Eugene Haley* and *J. Alex Neely, Jr.,* of Anderson, and *Walter J. Bristow, Jr.,* of Columbia, *for Appellant,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

*Messrs. William L. Thompson, S. Eugene Haley* and *J. Alex Neely, Jr.,* of Anderson, and *Walter J. Bristow, Jr.,* of Columbia, *for Appellant,* in Reply.

October 10, 1967.

BRAILSFORD, Justice.

This action for separate support and maintenance was brought by the wife in the Court of Common Pleas for Anderson County and was referred to a member of the Anderson Bar as special referee. The referee found in favor of the wife on all issues and recommended that the husband be required to pay $750.00 per month for her support. The circuit court affirmed the findings of fact and conclusions of law of the referee and adopted the report as the judgment of the court. The husband has appealed on exceptions which primarily challenge the conclusion of the court that the wife is entitled to separate maintenance and support. The exceptions also assign as error the refusal of the husband's motions that the court, before passing upon the exceptions to the report, recommit the action for the purpose of taking additional testimony.

The parties to this action, George H. Welch and Flora McKinney Welch, were married in 1927. She was sixteen years of age, and he was four years older. They had no money except what George, with some assistance from his wife during the early years, could earn. He was industrious, intelligent and successful in business. For some years prior to the wife's departure from the marital abode in June, 1965, the couple had lived in affluence in a fine home in Anderson, South Carolina. Their two older children enjoyed the advantages of undergraduate and professional education, European travel, etc. George, Jr., graduated in medicine from Duke University. He is a successful surgeon in St. Petersburg, Florida. The only daughter graduated from Converse College. She has had rather broad experience in the field of education and now lives in West Palm Beach, Florida, with her husband who is a physician specializing in internal medicine. The youngest child was killed in an automobile

accident in 1964. He was an outstanding sixteen-year-old boy and was by far his father's favorite, if not the sole object of his affection.

The lengthy record furnishes little insight into the early relationship between husband and wife. However, it abundantly attests that such conjugal feeling and cooperation as existed between them had, for some years before the commencement of this action, been supplanted by antipathy, bordering on malevolence, and by appalling marital discord. The record engenders no hope of a reconciliation. The husband's profession that he did not wish his wife to leave and that his home is open for her return is a mere pretense. This is demonstrated by even a casual reading of his own testimony. So far as man may judge, the alienation of the parties is complete, and a resumption of cohabitation would be intolerable. Under the circumstances of this case, the fact that it was the wife who left the husband is entitled to little, if any, weight. She is entitled to separate maintenance and support unless she was guilty of disqualifying fault in bringing about or causing the disruption of the marital relation, which her physical departure from the home merely signified.

As to what constitutes fault which will bar a wife from separate maintenance and support, this court in *Miller v. Miller*, 225 S. C. 274, 82 S. E. (2d) 119, recognized that most marital difficulties are to some extent the fault of both parties and approved the rule that the wife need not be blameless in order to recover. Relief should be denied to her on this ground only if she was guilty of substantial fault or misconduct " 'which materially contributed to the disruption of the marital relation or induced the action by the husband upon which she relies to justify their separation, * * *.' " 225 S. C. at 280, 82 S. E. (2d) at 122; 3 Nelson, Divorce and Annulment, Sec. 32.21 (2d ed. 1945).

Some twenty-nine witnesses were examined before the special referee. The hearing consumed approximately three

and one-half days. As is usual in such cases, the witnesses for the respective parties tended to be partisan, and their testimony was frequently in sharp conflict on important points. Each of the parties sought to fasten the entire blame upon the other, and their testimony is in irreconcilable conflict in most respects.

The special referee, who had the advantage of hearing the parties and witnesses testify and of observing their demeanor on the stand, resolved the material issues of fact in favor of the wife, in partial summary, as follows:

The husband has a violent temper and, without cause, he frequently became enraged at his wife. When so enraged, he cursed and verbally abused her without restraint sometimes in the presence of others.

On at least two occasions, the husband, in venting his anger upon his wife, caused injuries to her person which were evidenced by severe bruises.

On a number of occasions, sometimes while brandishing a pistol, the husband threatened to kill his wife.

The husband's violent temper and abuse of his wife and his threats toward her have engendered in her a reasonable and well-founded fear of him. His abusiveness, threats and displays of anger increased after the death of his favorite child, and the wife's fear of him was augmented.

The wife left the home on June 9, 1965, because of the husband's abusive treatment and threats, and because she feared for her life. She was justified in this fear and in leaving the home.

The husband's charge that the wife drank alcoholic beverages to excess has not been established by the testimony. She only takes an occasional social drink and is a refined, well-behaved woman of excellent character who has done her best to be a good wife and mother.

The conditions which existed in this home due to the fault of the husband made continued cohabitation of the parties intolerable, and the wife was justified in leaving.

The foregoing findings of fact were affirmed and adopted by the circuit judge who heard exceptions to the report of the referee. Under the well-settled rule, for which no authority need be cited, they will not be disturbed on appeal unless this court is satisfied that they are without evidentiary support or are against the clear preponderance of the evidence.

The referee's findings are supported by the testimony of the wife herself, that of both of the surviving children of the parties, and of a number of other witnesses. They are opposed by the testimony of the husband and of his witnesses. It would serve no useful purpose to review the evidence. Our study of it convinces us that the concurrent findings below as to the misconduct of the husband, justifying the departure of the wife from the marital abode, and the absence of disqualifying fault on her part, are sustained by the preponderance of the evidence. Therefore, the court did not err in awarding separate maintenance and support to the wife.

However, we are also convinced that the clear preponderance of the evidence opposes the finding that the wife was wholly blameless. The evidence is convincing to us that for some years prior to the commencement of this action the wife drank alcoholic liquors as a matter of fixed habit or custom and that she sometimes drank to excess. These indulgences must be regarded as especially inconsiderate of the husband, who was a problem drinker for many years until he became a teetotaler in 1955. While we are convinced that the wife's drinking did not justify the husband's abuse of her, and that it did not so materially contribute to the disruption of the marital relation as to bar her right to separate support, it was a fault which should have been taken into consideration in determining the amount to be awarded her. Annot., 10 A. L. R. (2d) 466, 501-02. While the hsuband is a successful business man, he is not rich by present standards, and the record indicates that $750.00 per month is more than half of his

average disposable income during the years for which figures are available. Under all of the circumstances, we are convinced that the amount awarded as support is unduly liberal to the wife and imposes an unwarranted hardship upon the husband.

We adhere to the rule that the amount to be awarded for support in a case of this kind is to be determined by the trial judge in the exericse of a sound discretion. The appellate court ordinarily will not substitute its judgment for that of the trial court, and the question on appeal is not what the reviewing court would have done in the first instance. *Cheatham v. Cheatham,* 245 S. C. 579, 141 S. E. (2d) 813. However, in this case we are convinced that the court's error in finding the wife to be wholly without fault has materially contributed to an award which is unfair to the husband. Furthermore, it is asserted in the husband's brief, and not denied by counsel for the wife, that since the filing of the report a substantial sum has been paid to the wife in settlement of her claim to an interest in the husband's business. The decree appealed from does not indicate that this payment was taken into account by the circuit judge in adopting the recommendation of the referee as to the amount awarded. We are satisfied that the ends of justice will be served by reversing the decree as to amount only and remanding the case to the circuit court for a rehearing on that point.

While no exception specifically challenges the propriety of the amount of the award, the point has been fully argued by both sides, and the absence of a specific exception has not been urged as a ground of affirmance. Therefore, we need not pause to decide whether the issue as to the amount awarded is encompassed by those exceptions which challenge the wife's entitlement to separate support upon the ground that she was guilty of substantial fault in bringing about the disruption of the marriage relationship.

The husband contends that the referee and circuit judge committed error of law by applying the wrong standard in

determining that the wife was entitled to separate maintenance. This contention is based upon a single paragraph in the lengthy report which picks up language from American Jurisprudence which this court has never employed. However, the contention is without merit because the facts found fully justify the relief awarded under the principles adduced in *Levin v. Levin,* 68 S. C. 123, 46 S. E. 945, which has often been cited in the dicisions of this court and which was relied upon by the referee.

The remaining questions argued in the brief charge error in the refusal of two motions made by the husband.

The report of the referee was filed March 2, 1966. The first of these motions was noticed three months later and was "for an order naming a referee to take additional testimony completing the present record which is full of blanks and omissioris." It appears that at the suggestion of the referee and with the consent of the parties, a "Gray Audograph recording machine" was used to record the testimony taken at the hearing. The written transcript of the testimony thus recorded contains numerous blank lines of varying lengths. Most of these apparently indicate pauses in the testimony. However, many of them do indicate the omission, in whole or in part, of a question or answer, presumably because to this extent the reproduction of the testimony was not intelligible to the typist.

No record is perfect, and we are not convinced that this one is more imperfect than was reasonably to be expected from the agreed method of reproduction. We found no unusual difficulty in understanding the testimony of the various witnesses, and there is not sufficient showing of prejudice to the husband from the imperfections in the transcript. Assuming, without deciding, that the motion resorted to was available to the husband, there was no error in overruling it.

The second motion was noticed on August 19, 1966, and was "for the taking of additional testimony on the further ground that the letter of witness Dr.

Cort E. Flint * * * shows that the testimony he gave in the original reference was not correct and/or complete." The witness was well-known to both parties. He was their minister and had served as marriage counselor to them and to others. He was examined and cross examined at length before the referee. The letter referred to in the notice was written to the husband more than six months after the filing of the report. It purports to be the witness' "evaluation" of the parties and of their marital relations and difficulties. Quite clearly, this letter provided no sound basis for recommitting the case. There was no error in refusing this motion.

The decision of the circuit court that the wife is entitled to separate maintenance and support is affirmed; but the amount awarded is reversed, and the action is remanded to the circuit court for a rehearing and reconsideration, in the light of the views herein expressed, of the amount which the husband shall be required to pay for the separate maintenance and support of the wife.

Modified and remanded.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.