19560

Theodore W. HERBERT, Appellant, v. Elizabeth Rogers HERBERT, Respondent

(194 S. E. (2d) 238)

*Messrs. Moseley and Robertson,* of Greenville, *for Appellant,*

*Messrs. Odom, Nolen, Terry and Abernathy,* of Spartanburg, *for Respondent,*

January 29, 1973.

Moss, Chief Justice:

Theodore W. Herbert, the appellant herein, brought this action for a divorce *a vinculo matrimonii* from his wife, Elizabeth Rogers Herbert, the respondent herein, on the ground of habitual drunkenness; Section 20-101(4) of the Code. He also alleges that several children were born of the marriage, all of whom are emancipated except the minor son, Theodore W. Herbert, Jr., age fifteen. He alleges that this minor son should be allowed to choose the parent with whom he wishes to live.

The respondent, by her answer and counterclaim, denied that she was a habitual drunkard and sought separate maintenance and alimony, togeher with attorney's fees for her counsel. She also prayed that the court award her the use of the household furnishings and the possession of a certain automobile.

The case came on for trial before the Honorable J. Bruce Foster, Judge of the Spartanburg County Court, at which time the respondent withdrew so much of her answer as denied that she was a habitual drunkard and decided to seek only alimony and attorney's fees. During the course of the hearing, it was also agreed that the minor son might elect the parent with whom he desired to live and he chose his father.

After taking the testimony, the trial judge issued his order granting the appellant a divorce *a vinculo matrimonii* from the respondent on the ground that the respondent was habitually addicted to the use of alcoholic beverages and had been for a substantial period of time; and that she had resided in a home and in a social atmosphere where the use of alcoholic beverages had been both condoned and encour-

aged. He further found that the conduct of the respondent with regard to the excessive use of alcohol had developed over the years and such addiction should not be used as a basis for determining real moral wrongdoing or fault, although such conduct had been a contributing factor to the difficulties encountered between the parties hereto. Under these circumstances, the trial judge was of opinion that the husband should contribute to the support of his wife. He provided that the appellant pay alimony and attorney's fees in the amount of $75.00 per week with disbursal for twenty weeks of $15.00 thereof as attorney's fees and thereafter the full amount to be paid to the respondent as permanent alimony. The trial judge awarded certain household furnishings to the respondent. He also awarded her a 1968 Ford automobile subject to a mortgage indebtness thereon which would become her obligation.

It is the position of the husband that the trial judge committed error and abused his discretion in awarding alimony and attorney's fees to the wife where the evidence is conclusive that she was a habitual drunkard and he was granted a divorce on such ground.

The husband contends that the wife should be denied alimony and attorney's fees because she was guilty of habitual drunkenness which constitutes substantial fault or misconduct materially contributing to the disruption of the marital relationship. Reliance for this position is had under the authority of *Miller v. Miller,* 225 S. C. 274, 82 S. E. (2d) 119; *Brown v. Brown,* 239 S. C. 444, 123 S. E. (2d) 772; and Nelson on Divorce 2nd Ed., Vol. 3, Section 32.21. The aforesaid rule was also recognized by this Court in *Welch v. Welch,* 250 S. C. 264, 157 S. E. (2d) 249; and *Skinner v. Skinner,* 257 S. C. 544, 186 S. E. (2d) 523.

Under Section 20-113 of the Code, it is provided that:

"In every judgment of divorce from the bonds of matrimony in a suit by the wife the court shall make such orders touching the maintenance, alimony and suit money of the

wife or any allowance to be made to her, and, if any, the security, to be given for the same, as from the circumstances of the parties and nature of the case may be fit, equitable and just. But no alimony shall be granted to the adulterous wife."

As is heretofore stated, the appellant contends that the trial judge was without power to grant alimony and attorney's fees when the divorce was occasioned by the fault and misconduct of the wife. This is true in cases of adultery but in all other cases, the matter is one in the discretion of the trial judge.

In the Florida case of *Cowan v. Cowan*, 147 Fla. 473, 2 So. (2d) 869, the husband brought an action for divorce alleging habitual intemperance on the part of the wife. The wife filed a cross-bill denying the allegation as to intemperance and demanded permanent alimony. The Chancellor granted the husband a divorce on the ground stated but allowed the wife permanent alimony. The husband appealed. The statute of Florida governing the granting of permanent alimony when a decree of divorce is granted is identical with our statute, Section 20-113. The Supreme Court of Florida, in affirming the lower court in the cited case, said:

"Appellant contends that the Chancellor was without power to grant alimony when the divorce was occasioned by the fault of the wife. This is true in cases of adultery but in [all] other cases, the matter is one in the discretion of the Chancellor. We have examined the record in this case and it fails to show that the Chancellor abused his discretion."

The only class barred absolutely from alimony is the adulterous wife. In all other cases the trial judge may award such amounts for alimony as in the "circumstances of the parties and nature of the case may be fit, equitable and just". Aside from adultery, the circumstances and conduct of an offending spouse might be such as to bar her from alimony but this is a matter solely for the trial

judge, governed by equity and justice and the condition of both parties. The exercise of such a discretion will not be disturbed on appeal unless an abuse thereof is shown. *Porter v. Porter,* 246 S. C. 332, 143 S. E. (2d) 619; *Welch v. Welch,* 250 S. C. 264, 157 S. E. (2d) 249; and *Lowe v. Lowe,* 256 S. C. 243, 182 S. E. (2d) 75.

Admittedly, the respondent is a chronic alcoholic and it was determined in this case that she was a habitual drunkard within the meaning of Section 20-101(4) of the Code.

In the case of *DeSipio v. DeSipio,* D. C. Mun. App., 186 A. (2d) 624, the Court held that wife's chronic alcoholism was not misconduct precluding separate maintenance and went on to say that "chronic alcoholism, although frequently a cause of much unhappiness in family relationships, is not to be equated with misconduct. It is a disease, difficult to control or permanently cure, and seriously affects the employability of the victim."

In *Welch v. Welch,* 250 S. C. 264, 157 S. E. (2d) 249, it appeared from the evidence that for some years prior to the commencement of the action the wife drank alcoholic liquors as a matter of fixed habit or custom and that she sometimes drank to excess. We held that such did not materially contribute to the disruption of the marital relationship as to bar her right to separate support; it was a fault which should have been taken into consideration in determining the amount to be awarded her. See in connection with this, 10 A. L. R. (2d) at page 501, and the cases therein cited as to wife's misconduct affecting the amount of alimony allowance.

The record here shows that the trial judge took into consideration, in making an award of alimony to the wife, the fact that she was a habitual drunkard but that such addiction should not be "used as the basis for determining real moral wrongdoing on her part." The evidence shows that the husband earns $30,000 per year, and the award of $75.00 per week or a total of $3,900 per year, is in keeping with the rule announced in the *Welch* case.

Under all of the circumstances, we are convinced that the amount awarded as support to the wife is not unduly liberal and imposes no undue hardship upon the husband. We think the award as made was within the sound discretion of the trial judge and no abuse thereof has been shown.

During the course of the argument of this appeal, counsel for the respondent admitted that he had been paid for his services as was provided in the order of the trial judge. He now requests a remand of this case to the trial court for the purpose of having that court set an appropriate fee for the services he has rendered in this appeal. It is appropriate that this request be granted.

It is our conclusion that the judgment of the lower court awarding the respondent alimony should be affirmed. However, we remand the case to the lower court for the purpose of fixing appropriate fee for respondent's counsel, to be paid by the appellant.

The exceptions of the appellant are overruled and the judgment of the lower court is affirmed and the case is remanded to the lower court for determination there of appropriate fee for respondent's counsel.

Affirmed and remanded.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.