19647

John Alexander KENDALL, Appellant, v. Leila Curtiss Murray KENDALL, Respondent

(197 S. E. (2d) 689)

*Messrs. McEachin & McEachin,* of Florence, *for Appellant,*

*Messrs. McGowan, Nettles, Keller & Eaton,* of Florence, *for Respondent,*

*Messrs. McEachin & McEachin,* of Florence, *for Appellant,* in Reply.

June 27, 1973.

*Per Curiam:*

This is a divorce action between parties who were married in 1941. After rearing and educating three children, they separated on June 6, 1971, the wife leaving the marital home. For fifteen years prior thereto relations between them had been quite strained but they continued to live under the same roof, apparently as a matter of economics and mutual convenience.

In June 1972, the husband commenced this action seeking a divorce on the ground of desertion. The wife interposed a general denial; alleged physical cruelty on the part of the husband, and contended that she was entitled to a divorce on the grounds of physical cruelty and/or constructive desertion. Following a hearing, the trial court concluded that neither was wholly at fault or to blame for the situation which had developed between them and certainly that neither was substantially more at fault than the other. A divorce was, however, granted to the husband on the ground of desertion

and there is no appeal therefrom. Alimony was awarded the wife in the amount of one hundred dollars per month, as well as an attorney's fee in the amount of two hundred fifty dollars.

The husband appeals, asserting that the trial court abused its discretion in awarding alimony and suit money to the wife. He does not complain of the respective amounts involved, but does contest her entitlement to any amount.

In the recent case of *Herbert v. Herbert,* S. C., 194 S. E. (2d) 238, we held that the only class of wife barred absolutely from alimony is the adulterous wife, and that in all other cases the issues of the wife's entitlement to alimony and the amount thereof, if any, rest in the sound discretion of the trial judge, governed by what is equitable and just, having due regard to the circumstances of the parties and the nature of the case.

We have carefully considered the record and all arguments advanced by the appellant husband in an effort to show an abuse of discretion on the part of the trial court. We conclude, however, that there was no such abuse of discretion and, further, that no useful purpose could be served by here recounting the unhappy details of the marital discord of this couple. In accordance with the procedure approved in *Herbert v. Herbert, supra,* counsel for respondent moved here, after due notice, that the cause be remanded to the trial court for the purpose of having that court set an appropriate fee for the services rendered by counsel for respondent in the course of this appeal. It is appropriate that such motion be granted.

We conclude that the exceptions of the appellant are without merit. The judgment of the lower court is accordingly affirmed and the case remanded to the lower court for the determination there of an appropriate additional fee for respondent's counsel.

Affirmed and remanded.

Moss, C. J., and Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.