20179

Lillie Mae CLARDY, Respondent, v. James Bryan CLARDY, Sr.,
Appellant.
(222 S. E. (2d) 771)

*Messrs. Burroughs, Green, Sasser & Hudson,* of Conway, *for Appellant,*

*Messrs. Grimes, Hinds & Cowan,* of Georgetown, *for Respondent,*

March 2, 1976.

LITTLEJOHN, Justice:

In this action, Lillie Mae Clardy (the wife) sought a divorce and alimony from James Bryan Clardy, Sr. (the husband) on the grounds of constructive desertion. The husband answered the complaint, denying the allegations, and by way of counterclaim asked the court to grant to him a divorce on the ground of desertion by the wife.

The judge granted the husband a divorce on the counterclaim and awarded the wife lump sum alimony in the amount of ten thousand dollars. The husband has appealed, contending, first, that no alimony whatever should have been granted and, secondly, that if a lump sum were proper, the amount is excessive. He does not request this Court to hold that periodic payments of alimony are appropriate in lieu of the lump sum. We affirm.

After the trial judge filed his decree, the husband sought a new trial on the grounds of after-discovered evidence. The after-discovered evidence presented to the court was by way of affidavits from his attorney, members of his family, and others, who averred that the wife was guilty of misconduct. The motion was denied, and we think correctly so.

This couple was married in 1955, and throughout their married life, lived in the home of the husband's parents. Apparently, the husband's father had a stabilizing influence on the family, but after his death it became more difficult for the two families to live under one roof. Over the years, the husband had promised the wife to provide a separate home but never got around to it. She eventually left the household, and the basis of her seeking a divorce on the

grounds of constructive desertion is the contention that living conditions were so miserable that she could not bear it longer and was justified in leaving. The basis of the husband's claim for divorce on the grounds of desertion was the fact that the wife moved from the place of abode which he had provided.

Although the divorce was granted to the husband, it is inferable that fault is about equally divided. The divorce law of this State does not deny to a wife alimony except in case of adultery, *Herbert v. Herbert*, 260 S. C. 86, 194 S. E. (2d) 238 (1973). Granting, or refusal, of alimony is a matter of discretion on the part of the trial judge. From a review of the whole record, we cannot say that he abused his discretion, nor can we hold as a matter of law that she was not entitled to either periodic payments or a lump sum settlement.

At the time of the hearing, this couple had in joint savings accounts some sixteen thousand dollars, which had been accumulated over the 19 or 20 years of married life together. In addition, he had other savings accounts in his own name and had substantial real estate holdings. We find no reversible error in awarding the wife ten thousand dollars lump sum settlement.

It was not until after the lump sum alimony award had been made that a motion for a new trial was entered. It is patent that the showing did not warrant a new trial under the requirements set forth in this State in the case of *State v. Mayfield*, 235 S. C. 11, 109 S. E. (2d) 716 (1960).

The judgment of the lower court is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.