Argued April 28, reversed and remanded with instructions June 1, reconsideration denied July 14, petition for review denied September 1, 1976

In the Matter of the Dissolution of the Marriage of
DEALY, *Appellant,*
*and*
DEALY, *Respondent.*
(No. 29690, CA 5211)
549 P2d 1285

*Mark L. B. Wheeler,* Salem, argued the cause for appellant. With him on the brief were Schlegel, Milbank, Wheeler & Jarman, Salem.

*Michael F. McClain,* Corvallis, argued the cause for respondent. On the brief were McClain, Brown, Evashevski & Marek, Corvallis.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

This is an appeal of a dissolution decree. Appellant-husband contends that the trial court erred in "refusing to hear and determine matters pertaining to alimony [support] for the wife." The trial court refused to consider the matter of support because of its earlier ruling that this matter was res judicata based upon a previous decree of separate maintenance.

The parties were married in 1954. In August 1973 the court issued a decree of separate maintenance "for an unlimited period of time to and including January 5, 1975." The separate maintenance decree provided, in part:

"* * * * *

"(11) Judgment be and hereby is entered on behalf of defendant [wife] and against the plaintiff [husband], for the sum of $61,000, without interest, payable at the rate of $250.00 per month with the first payment due on August 1, 1973 with a like payment on the 1st day of each month thereafter. All unpaid sums shall bear interest at the statutory rate. It is further ordered that this judgment shall not be discharged by any proceeding of composition of creditors, bankruptcy, voluntary or involuntary, or similar, pursuant to stipulation of the parties, and the plaintiff [husband] shall not claim benefits in bankruptcy within any court in the United States or any other court in any proceedings to enforce collection of said sum or any portion thereof. *Said payments shall terminate upon the death or remarriage of defendant* [wife].

"(12) That defendant [wife] is hereby awarded further judgment against plaintiff [husband] in the sum of $6,000.00, without interest except as to unpaid sums, payable at the rate of $100 per month commencing on the 10th day of September, 1973, with a like payment on the 10th day of each month thereafter for 60 consecutive months.

"* * * * *." (Emphasis supplied.)

[ 605 ]

The separate maintenance decree also provided for child support. In its dissolution decree, the court (1) made substantially identical provisions for child support and (2) found the $61,000 and $6,000 "judgment[s]" against the husband to be property rights rather than provisions for support.

The issue, as the court noted in *Garnett v. Garnett*, 270 Or 102, 107, 526 P2d 549 (1974), is whether the "judgment[s]" are actually for support (and modifiable) or property division (and vested).[1]

We are cognizant here of the ancient maxim that equity regards substance rather than form. *General*

---

[1] ORS 107.465 provides:

"(1) The court has the power within two years after the entry of a decree of separation, upon motion of a party and after service of notice to the other party in the manner provided by law for service of summons, to allow supplemental proceedings for dissolution of the marriage; provided that any supplemental decree shall not set aside, alter or modify any part of the decree of separation which has created or granted rights which have *vested.*

"(2) Nothing in this section is intended to prevent either party to a decree of separation from commencing at any time in the manner required by law a suit for dissolution of the marriage." (Emphasis supplied.)

ORS 107.475 provides:

"The court shall determine and fix in its decree the duration of the separation. At the expiration of such time the decree shall have no further effect. However, no rights created or granted in the decree which have *vested* shall be affected by its termination. Upon motion of a party and service upon the other party of notice in the manner provided by law for service of summons, the court may renew or extend the duration. When the decree is for unlimited separation, a party may by motion alleging that the cause for separation no longer exists and after due service of notice upon the other party in the manner provided by law for service of summons, apply for an order modifying or vacating the decree, subject to the provisions of ORS 107.135." (Emphasis supplied.)

ORS 107.135 provides:

"(1) The court has the power at any time after a decree of annulment or dissolution of marriage *or of separation* is granted, upon the motion of either party and after service of notice on the other party in the manner provided by law for service of a summons, to:

"(a) Set aside, alter or *modify* so much of the decree as may provide for the *appointment and duties of trustees,* for the custody, support and welfare of the minor children, or for the *support of a party* * * *

"* * * * *." (Emphasis supplied.)

*Electric v. Wahle,* 207 Or 302, 296 P2d 635 (1956).
*Proebstel v. Trout,* 60 Or 145, 118 P 551 (1911).

The $61,000 "judgment" had the effect of providing a $250 support payment to the wife each month until she reached the retirement age of 62. The $6,000 was meant as an educational allowance. We also note that the decree of separate maintenance made no other provision for support of the wife though it did provide for a substantially equal division of the property exclusive of the two "judgment[s]."

We find that the two "judgment[s]" were, in effect, provisions for support; as such they are subject to modification.

Reversed and remanded for proceedings consistent with this opinion.