0336

Joan M. McKNIGHT, Appellant-Respondent, v. Ralph M. McKNIGHT, Respondent-Appellant. (two cases).

(324 S. E. (2d) 91)

Court of Appeals

*Eugene C. Covington, Jr.* of *Foster, Covington & Patrick,* Greenville, *for appellant-respondent.*

*J. H. Price, III,* Greenville, *for respondent-appellant.*

Heard Oct. 23, 1984.

Decided Dec. 13, 1984.

CURETON, Judge:

This consolidated appeal arises out of an action for alimony or separate maintenance initiated by the wife, Joan M. McKnight, against her husband, Ralph M. McKnight. By order dated June 10, 1982, the family court (the Honorable

Joseph W. Board, presiding) denied her alimony or separate maintenance and attorney's fees and she appeals. While her appeal was pending, the family court (the Honorable Berry L. Mobley, presiding) granted the wife a divorce, alimony and attorney's fees and the husband appeals. As provided herein, the judgments are affirmed as modified in part and reversed and remanded in part.

In the action for separate maintenance, the evidence reveals the following. The parties have been married for thirty-two years and have five adult children. Mrs. McKnight testified that the marriage was an unhappy one and that she had not loved her husband for some time. She testified that although her husband provided a good living, he ridiculed and belittled her, was unlovable and incapable of demonstrating affection unless intoxicated. They had sought marital counseling on several occasions. Her decision to leave her husband to establish a life for herself was against the wishes of her husband.

The evidence further reveals that Mrs. McKnight was fifty-two, had worked as a substitute teacher and a part-time clerical worker, and was presently employed as a bookkeeper earning net monthly income of $338. Along with normal monthly living expenses of $670, Mrs. McKnight testified that her extensive dental problems would require additional expenditures. She had no medical insurance and assets of only $1,352.

Mr. McKnight alleged in his answer that because Mrs. McKnight had abandoned him without cause she was not entitled to support or separate maintenance. A college graduate, he earned $1,615 net monthly income, had expenses of $1,524, was in good health, and had assets valued at $122,828, including a retirement fund of $17,000 and the marital residence valued at $80,000.

After noting that the parties had provided for a division of the marital property in a ratio of approximately fifty/fifty, Judge Board denied Mrs. McKnight alimony or separate maintenance and attorney's fees finding that since she voluntarily, unilaterally and without reasonable cause ruptured the marital relationship, it would be "inequitable to direct [the] abandoned spouse to fashion and plan his life with the burden of contributing to the support of the one who voluntarily rejects and turns her back upon him."

Approximately thirteen months later, Mrs. McKnight's petition for divorce on the ground of one year's continuous separation and for alimony was heard before Judge Mobley. She testified that her husband sexually abused her prior to and during the marriage. She stated she had failed to testify to the abuse in the prior action because she was ashamed of it. Mr. McKnight denied abusing his wife.

Testimony revealed that Mrs. McKnight earned $554 net monthly income, had assets of $25,000 (mostly from the division of the marital property), monthly expenses of $885, and was experiencing continuing medical and dental problems. Mr. McKnight's income had been reduced to $1,114 and he had expenses of $1,187, assets worth $89,000 and debts amounting to $37,000.

Judge Mobley ordered Mr. McKnight to pay monthly alimony of $400 and attorney's fees of $650.

## A. Wife's Appeal

Mrs. McKnight contends the court erred in denying her alimony and attorney's fees in her action for separate maintenance because its decision was based primarily on fault rather than the factors enunciated by the Supreme Court in cases such as *Lide v. Lide*, 277 S. C. 155, 283 S. E. (2d) 832 (1981), and *Nienow v. Nienow*, 268 S. C. 161, 232 S. E. (2d) 504 (1977). We agree and reverse.

The legal principles governing the determination of issues of alimony are well-established. The decision to grant or deny alimony rests within the discretion of the family court judge. *Clardy v. Clardy*, 266 S. C. 270, 222 S. E. (2d) 771 (1976). The judge's discretion, when exercised in light of the facts of each particular case, will not be disturbed on appeal absent abuse thereof. *Long v. Long*, 247 S. C. 250, 146 S. E. (2d) 873 (1966). An abuse of discretion occurs when the judge is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support. *Stewart v. Floyd*, 274 S. C. 437, 265 S. E. (2d) 254 (1980).

With respect to alimony, the law provides that the only class of persons absolutely barred from alimony is the adulterous spouse. *Taylor v. Taylor*, 267 S. C. 530, 229 S. E. (2d) 852 (1976). In all other cases, the family court must consider with respect to each party his (1) financial status, (2) age, health, earning capacity and individual wealth, (3) con-

tributions to the accumulation of the marital property, (4) conduct, (5) necessities, (6) standard of living, (7) duration of the marriage, and (8) income. *Lide v. Lide,* 277 S. C. at 157, 283 S. E. (2d) 832; *Nienow v. Nienow, supra.* No single factor is dispositive. *Lide,* 277 S. C. at 157, 283 S. E. (2d) 832.

Although in several jurisdictions desertion absolutely bars a spouse from alimony, that is not the case in South Carolina. In *Welch v. Welch,* 250 S. C. 264, 157 S. E. (2d) 249 (1967), an. action for separate maintenance, the Court stated that the fact that the wife removed herself from the marital home was entitled to little, if any, weight. Her entitlement to separate maintenance and support is not affected "unless she is guilty of disqualifying fault in bringing about or causing the disruption of the marital relation, which her physical departure from the home merely signifies." *Welch,* 250 S. C. at 268, 157 S. E. (2d) 249.

> As to what constitutes fault which will bar a wife from separate maintenance and support, this Court in *Miller v. Miller,* 225 S. C. 274, 82 S. E. (2d) 119, recognized that most marital difficulties are to some extent the fault of both parties and approved the rule that the wife need not be blameless in order to recover. Relief should be denied to her on this ground only if she was guilty of substantial fault or misconduct " 'which materially contributed to the disruption of the marital relation or induced the action by the husband upon which she relies to justify their separation . . . .' [citations omitted]."

*Welch,* 250 S. C. at 251, 157 S. E. (2d) 249.

The evidence in this case sheds little light on which of the parties, if either, engaged in substantial misconduct which materially contributed to the disruption of the marital relationship. What is clear is that Mrs. McKnight's departure was not the cause of but only signified that disruption. She testified without contradiction that the marriage had been an unhappy one for several decades and that, in an effort to salvage it, the parties had sought marital counseling on several occasions. She testified further that she and her husband no longer communicated with each other and he immersed himself totally in his career. On such evidence, the family court erred as a matter of law in denying Mrs.

McKnight separate maintenance and support because she "abandoned" and "voluntarily rejected" her husband.

Since in this case we may find facts according to our ■ view of the preponderance of the evidence, *Brown v. Brown*, 279 S. C. 116, 302 S. E. (2d) 860 (1983), we find under all the circumstances that Mrs. McKnight is entitled to separate maintenance and support of two hundred and fifty ($250.00) dollars per month effective June 10, 1982. We further find that she is entitled to reasonable attorney's fees and remand for determination of the amount based on factors set out in *Deglman v. Deglman*, 276 S. C. 600, 281 S. E. (2d) 123 (1981).

## B. Husband's Appeal

Mr. McKnight contends the court erred in awarding Mrs. McKnight alimony and attorney's fees in her action for divorce, first, because the denial of support and attorney's fees in the separate maintenance action was *res judicata* to the relitigation of the issues in the divorce action, and second, because the awards were not based upon the factors established in *Nienow, supra.*

We need not address Mr. McKnight's first contention since we have reversed the judgment of the court denying Mrs. McKnight support and attorney's fees in the action for separate maintenance. *But see Kover v. Kover*, 29 N.Y. (2d) 408, 328 N.Y.S. (2d) 641, 278 N.E. (2d) 886 (1972); *Matter of Marriage of Dealy*, 25 Or. App. 603, 549 P. (2d) 1285 (1976) (where divorce follows separation the court is not bound by prior alimony award but is privileged to consider the question of alimony *de novo*).

As for the second contention, that the court failed to ■ consider the *Nienow* factors, we find it without merit.

The court discussed at length its consideration of and findings with respect to the factors. Clearly Mrs. McKnight was entitled to both alimony and attorney's fees. We modify the judgment, however, to provide for alimony of two hundred and fifty ($250.00) dollars per month effective October 1, 1983. Mrs. McKnight indicated her expenses were $885 and that she earned $554 monthly while Mr. McKnight earned $1,114 monthly and had expenses of $1,187. On this evidence, we think the court's award of $400 should be reduced. The dif-

ference between what Mr. McKnight has paid under the order of Judge Mobley and the $250 ordered today is to be credited against the Court's award of separate maintenance herein provided. The case is remanded for computation and establishment of the amounts due Mrs. McKnight.

Accordingly, for the reasons given, the judgment entered by Judge Board in the action for separate maintenance is reversed. The action is hereby remanded to the Family Court of Pickens County for the entry of an order of support in favor of Mrs. McKnight in the sum of two hundred and fifty ($250.00) dollars effective June 10, 1982, and for an order setting a reasonable attorney's fee on her behalf against Mr. McKnight.

Further, the judgment entered by Judge Mobley in the action for divorce is affirmed with modification of the amount of support as herein provided.

Affirmed as modified, in part; reversed and remanded in part.

SHAW and GOOLSBY, JJ., concur.