0943

W. A. SWEAT, Appellant v. David CRAWFORD,
d/b/a Crawford Moving Company, Respondent.

(356 S. E. (2d) 147)

Court of Appeals

*Kelly Cannon,* Williston, and *Brian S. Wade,* Pawley's Island, *for appellant.*

*Walter Bedingfield,* and *Agnes Dale Moore,* both of *Bedingfield Law Offices,* Barnwell, *for respondent.*

Heard March 25, 1987.
Decided April 27, 1987.

GOOLSBY, Judge:

This action by W. A. Sweat against David Crawford, who does business as Crawford Moving Company, involves allegations of negligence in the moving of a dwelling house. Sweat appeals from a circuit court order affirming the report of a referee and awarding Sweat damages in the amount of $387.30. We affirm.

The questions on appeal center upon the failure of the circuit court to remand the case to the referee because the transcript of the proceedings was incomplete and upon the failure of the circuit court to find Crawford liable for all damages sustained by the house in the move.

Sweat alleged in his complaint that he and Crawford contracted for Crawford to move a single story frame house from one location to another some seven miles away. He

further alleged that Crawford negligently performed the contract and thereby caused Sweat to suffer damages in the amount of $7,849.16. Crawford's answer denied Sweat's allegations.

The parties consented to refer the matter without finality to a referee. After a hearing, the referee found for Sweat and recommended that the circuit court enter judgment in his favor.

Sweat thereafter filed exceptions to the referee's report. He filed additional exceptions after the transcript of proceedings was filed.

The circuit court granted Sweat judgment in the amount of $387.30, after concurring in the referee's finding that Crawford damaged only the wiring to Sweat's house when moving it. The circuit court dismissed, among others, Sweat's exception that the transcript of proceedings before the referee contained omissions.

## I.

We first address Sweat's contention that the circuit court committed reversible error in using an incomplete transcript of proceedings when reviewing and confirming the referee's findings. He argues that he was deprived of his right to adequate review by the circuit court of the findings and recommendations of the referee because the transcript of the hearing before the referee characterized portions of the testimony as "inaudible" and omitted completely the testimony given by one of the witnesses, Bob Willis.

As the party excepting to the report of the referee, the duty rested upon Sweat to see that the record transmitted to the circuit court was properly prepared and complete. While no express provision currently exists for the amendment or correction of an incomplete or incorrect record, a circuit court has implicit authority under Rule 53(e)(2) of the South Carolina Rules of Civil Procedure to require, upon proper motion, that the transcript of proceedings, which a party may obtain prior to the hearing on the exceptions to a master's or referee's report, be amended or corrected if the transcript is found to contain omissions or errors.

Here, the record does not reflect that Sweat made any motion by which he asked the circuit court to allow him to seek the amendment or correction of the transcript of proceedings in order that the circuit court could be provided with a complete record. *See Welch v. Welch,* 250 S. C. 264, 157 S. E. (2d) 249 (1967) (wherein the Supreme Court affirmed the circuit court's refusal to recommit the action to the referee for the purpose of taking additional testimony to complete a record containing omissions). He merely excepted, by supplemental exceptions, to the failure of the transcript of proceedings to include all the testimony. Sweat, therefore, cannot now complain that the transcript of proceedings contained omissions.

The omissions, we might add, were not prejudicial. As we hold below, what evidence there is in the record is sufficient to support the findings of fact made by the referee and concurred in by the circuit court. *See Welch v. Welch, supra* (where the appellant failed to show prejudicial error arising from imperfections in the record before the circuit court in a case referred to a referee, the Supreme Court affirmed the circuit court's refusal to recommit the case to the referee for the purpose of taking additional testimony to complete the record).

## II.

Sweat next contends that the circuit court committed reversible error in not requiring Crawford as a "common carrier" to show that he was not at fault in delivering goods in a damaged condition.

The circuit court did not determine whether Crawford was a common carrier or not. Assuming Crawford was a common carrier, and we do not hold that he was so [*see Huckabee Transport Corp. v. Western Assurance Company of Toronto, Canada,* 238 S. C. 565, 121 S. E. (2d) 105 (1961) (wherein the Supreme Court defined the term "common carrier")], he was not liable for any injury to the house that was due to its inherent nature and qualities or to defects associated therewith where his own negligence did not cause or contribute to the injury. 13 C.J.S. *Carriers* § 79a at 152 (1939).

The circuit court found that, except for damage to the structure's wiring, Crawford was not at fault in delivering the house to the site in a damaged condition. The circuit court agreed with the referee that Crawford's negligence proximately caused the wiring of the house to separate and it was for this reason the circuit court awarded Sweat $387.30 in damages.

Because this is a law case tried without a jury, the findings of fact of the circuit court will not be disturbed on appeal unless found to be without evidence that reasonably supports its findings. *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976); *May v. Hopkinson,* 289 S. C. 549, 347 S. E. (2d) 508 (Ct. App. 1986). In determining whether the circuit court's findings enjoy evidentiary support, the evidence is construed wherever it is reasonably possible to do so in such a way as to support the findings and all evidence contrary to the circuit court's findings or in conflict therewith is disregarded. *May v. Hopkinson, supra.*

There is evidence in the record that supports the circuit court's findings of fact regarding Crawford's nonliability for all damages sustained by the house except the damage to the wiring.

Crawford himself testified that he experienced no problems in loading and moving the house. He pointed out, however, that, after he and his men loaded the house onto the truck, rotten sills made the house buckle somewhat. Because of the rotten sills, Crawford said, they placed extra steel under the house to give it additional support.

Crawford further testified that after they reached the new site for the house and placed the house where Sweat wanted it, Sweat expressed satisfaction with Crawford's efforts. Indeed, Crawford said he heard nothing further from Sweat for three months.

Crawford admitted that the house sustained damage to its sheetrock; however, he attributed the damage to the rotten sills. He also testified that cracks appeared in the floor immediately after it was unloaded but that "when the house leveled back down on the pillars it shut right back up...."

Regarding the leveling of the house, Crawford testified that he had nothing to do with this operation and that

Sweat and Leon "Slick" Mixon, a carpenter, leveled it. Mixon acknowledged that he took the house off the beams and "level[ed] it up" on concrete blocks. All Crawford did, he testified, was to pull his beams from beneath the house.

Sweat's expert witness, Wilson Shealy, conceded at one point in his testimony that some of the damages he observed to the house could have resulted from the leveling process.

### III.

We have considered Sweat's remaining argument that the circuit court gave no weight to certain evidence and disregarded other evidence in determining damages. The argument has no merit and does not warrant further consideration. *See* S. C. Code of Laws § 14-8-250 (1976) (amended 1985) (the Court of Appeals need not address a point that is manifestly without merit); *Gibbs v. Atlantic Coast Line R. Co.*, 221 S. C. 243, 70 S. E. (2d) 238 (1952) (in a law case, the reviewing court is not concerned with the weight of the evidence or with the credibility of witnesses); *Crawford v. Crawford*, 17 S. C. 521 (1882) (the reviewing court in an action at law has no power to review the referee's findings of fact that are confirmed by the circuit court); *cf. Bishop v. Tolbert*, 249 S. C. 288, 153 S. E. (2d) 912 (1967) (the credibility of witnesses and the resolution of testimony is a matter peculiarly within the province of the master).

For the foregoing reasons, the judgment is

Affirmed.

SANDERS, C. J. and CURETON, J., concur.