1265

Shelby B. WILLIAMS, Respondent v.
James A. WILLIAMS, Appellant. (2 Cases).
(375 S. E. (2d) 349)

Court of Appeals

*Coreen B. Khoury* and *Brooks P. Goldsmith, Goldsmith, Folks & Hodges,* Lancaster, *for appellant.*

*Philip E. Wright,* Lancaster, *for respondent.*

Heard Nov. 14, 1988.

Decided Dec. 5, 1988.

SHAW, Judge:

Appellant-husband, James A. Williams, appealed a family court order denying him alimony and excluding the wife's profit sharing account from the marital estate. Our Supreme Court granted the motion of both husband and wife to remand the case to the trial judge for further consideration of the matters raised by the husband on appeal. From a second order denying the husband alimony and any interest in the profit sharing account, husband appeals. We affirm.

The parties were married for twenty-one years and had two children, ages nineteen and sixteen at the time of the hearing. The wife works two jobs and has a gross monthly income of $1,513.60. She has accumulated $10,212.85 in a retirement plan. During the marriage, both parties worked

to support the household. In 1980, the husband became disabled due to a back injury and in 1985 he began receiving social security benefits of $555.00 a month. He is unable to hold a job requiring any type of physical exertion. The parties purchased the marital home in 1966 for $5,000. The home is in poor shape and is worth only $9,500. There are no liens against the home.

The trial judge granted the wife a divorce on the ground of physical cruelty. He awarded the wife custody of the minor child and support in the form of social security benefits the child receives. He also awarded her a one-half interest in the marital home, $500.00 for amounts previously advanced to the husband and the personal property in her possession. The trial judge awarded the husband the personal property in his possession and a one-half interest in the marital home, but denied his request for alimony.

Following remand from the Supreme Court, the parties stipulated the trial judge need take no further testimony. The judge filed a more detailed order holding the profit sharing plan was marital property, but denied husband any interest in it, finding to be a fully vested, noncontributory plan available to her only upon leaving employment. He also denied the husband's request for alimony.

The husband contends the trial judge erred in denying him alimony. He argues all of the factors to be considered in an award of alimony favor him with the exception of the conduct of the husband and, thus, the trial judge apparently denied him alimony based on the fault of the husband.

The decision to grant or deny alimony rests within the sound discretion of the trial judge and his decision will not be disturbed on appeal absent an abuse of that discretion. *McKnight v. McKnight*, 283 S. C. 540, 324 S. E. (2d) 91 (Ct. App. 1984). While it is true that no single factor is dispositive of the issue of alimony,[1] a review of the record supports the decision of the trial judge. Though the husband is in poor health placing him in an economic disadvantage as far as earning capacity, the evidence shows such factors as age, individual wealth, contributions to the accumulation of marital property, and standard of living

---

[1] *Id.* 324 S. E. (2d) at 93.

weigh evenly as to both parties. The record further reveals the husband is guilty of gross misconduct in that he abused the wife throughout the marriage. In fact, a final confrontation in which the husband pulled a shotgun on the wife forced the wife and the two children to leave the marital home. Based on the record as a whole, we find no abuse in the denial of alimony.

As to the husband's argument regarding equitable distribution, we hold the record supports the trial judge's decision. In a divorce action, the trial judge is afforded wide discretion in distributing marital property. *Beinor v. Beinor,* 282 S. C. 181, 318 S. E. (2d) 269 (1984). The factors to be considered in equitably dividing marital property are the relative incomes of the parties, their material contributions and debts, and *the facts and circumstances of the particular case. Stearns v. Stearns,* 284 S. C. 459, 327 S. E. (2d) 343 (1985).

The facts and circumstances of this case clearly support the trial judge's decision. Although fault does not justify a severe penalty in the equitable distribution of marital property, it is a factor which may be considered in the equities between spouses. *Rampey v. Rampey,* 286 S. C. 153, 332 S. E. (2d) 213 (Ct. App. 1985). The record is replete with evidence of the husband's physical abuse toward his wife. The parties separated on numerous occasions because of the husband's conduct. While the wife repeatedly reunited with her husband, his physical abuse finally drove her and the children from the home. Further, the record shows the wife can only acquie the benefits from the profit sharing plan by leaving her employment. The trial judge noted this was the only source of retirement security the wife had and it would be inappropriate to deprive her of that benefit by virtue of the termination of this marriage which occurred through no fault of her own. We find no abuse of discretion in the division of marital property.

Affirmed.

BELL and CURETON, JJ., concur.