THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Richard F. Lyons, Respondent,
v.
Gale M. Lyons, Appellant.
 
 
 

Appeal From Richland County
Walter B. Brown, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-252
Submitted April 1, 2006  Filed May 19, 2006

AFFIRMED

 
 
 
Gale M. Lyons, of Columbia, for Appellant.  
Douglas Kosta Kotti, of Columbia, and John M. Hunter, Jr., of Aiken, for Respondent.
 
 
 

PER CURIAM:  In this domestic action, Gale Lyons (Wife) appeals the order of the family court denying her request for alimony and health insurance.  Wife also contends the family court failed to properly value the marital property.  We affirm.[1] 
FACTS
Wife and Richard Lyons (Husband) married in August of 1997 and separated on March 5, 2001.  During the marriage, Husband worked as a corrections officer, first with the South Carolina Department of Corrections and then, beginning in August of 1998, with the Federal Bureau of Prisons.  Initially, Wife worked as an administrative assistant and later as a claims adjustor for Sedgwick Insurance.  Due to various health problems, Wife left her employment at Sedgwick in 2001.  Wife has applied for disability benefits but has not yet been approved.  
On March 6, 2003, Husband filed for divorce in Aiken County on the ground of one year separation.  Wife answered and counterclaimed for divorce on the ground of adultery and requested the case be transferred to Richland County.  Wife then amended her pleadings, seeking alimony and health insurance coverage.  
The Aiken County Family Court transferred the case to Richland County.  The family court granted the divorce based upon Husbands post-separation adultery.  The family court found that Husband and Wife enjoyed a modest standard of living during the marriage.  Moreover, due in part to the short duration of the marriage[2] and Wifes ability to provide for herself, the family court found Wife was not entitled to alimony or health insurance coverage provided by Husband.  Both parties agreed to equally apportion the only marital property, Husbands thrift savings plan valued at $13,528.85, and agreed to pay their own costs and attorneys fees.  
STANDARD OF REVIEW
On appeal from the family court, this court has the authority to find facts in accordance with its own view of the preponderance of the evidence.  Emery v. Smith, 361 S.C 207, 213, 603 S.E.2d 598, 601 (Ct. App. 2004).  This broad scope of review does not require us to disregard the family courts findings, and we remain mindful of the fact the family court, which saw and heard the parties, is in a better position to evaluate their credibility and assign weight to their testimony.  Pendergast v. Pendergast, 354 S.C. 32, 36, 579 S.E.2d 530, 532 (Ct. App. 2003). 
LAW/ANALYSIS
Wife contends the family court erred in denying her request for alimony and health insurance.  Wife argues the family court failed to give proper consideration to the parties relative financial status and the lifestyle Wife became accustomed to during the marriage.  We disagree.  
Alimony is a substitute for the support that is normally incident to the marital relationship, and its purpose is to place the supported spouse close to the position of support enjoyed during the marriage.  See Johnson v. Johnson, 296 S.C. 289, 300, 372 S.E.2d 107, 113 (Ct. App. 1988).  The decision to grant or deny alimony rests within the sound discretion of the family court and will not be disturbed on appeal absent an abuse of discretion.  Williams v. Williams, 297 S.C. 208, 210, 375 S.E.2d 349, 350 (Ct. App. 1988) (citing McKnight v. McKnight, 283 S.C. 540, 324 S.E.2d 91 (Ct. App. 1984)).  Section 20-3-130(C) (Supp. 2005) of the South Carolina Code lists the factors the family court should consider in deciding whether to award alimony: 

(1) the duration of the marriage and the ages of the parties at the time of the marriage and at separation; (2) the physical and emotional condition of each spouse; (3) the educational background of each spouse and the need for additional education; (4) the employment history and earning potential of each spouse; (5) the standard of living established during the marriage; (6) the current and reasonably anticipated income of each spouse; (7) the current and reasonably anticipated expenses of each spouse; (8) the marital and nonmarital properties of the parties; (9) the custody of any children; (10) marital misconduct or fault; (11) the tax consequences of the award; (12) the existence of support obligations to a former spouse; and (13) such other factors the court considers relevant.

However, no single factor should be considered dispositive of the issue of alimony.  Lide v. Lide, 277 S.C. 155, 157, 283 S.E.2d 832, 833 (1981).  
In denying Wife alimony and health insurance, the family court noted the parties marriage was one of short duration.  In the divorce decree, the family court stated the standard of living established during the marriage was not extravagant.  The court elaborated [t]he parties never owned a home during the marriage and lived in a series of apartments, possibly as many as four . . . .  The parties did not take extravagant trips and did not have a lavish life style.  The only asset of the marriage was Husbands thrift savings plan, valued at $13,528.85, which the parties agreed to divide.  The family court also observed Husband drove a 1986 Volkswagen and Wife drove a 2002 vehicle, which she purchased after the parties separation.  
The family court found Husband was in good health, and that although Wife did have some health problems, her primary problem was with her hip, which she injured before the marriage.  In denying Wife alimony and health insurance, the family court stated Wife did not present sufficient evidence of her disability.  See Williamson v. Williamson, 311 S.C. 47, 49-50, 426 S.E.2d 758, 760 (1993) (finding that other than her own testimony, Wife did not present any evidence which would have established the extent of her disability and denying alimony). 
Further, the family court stated Wife worked during the marriage and had the ability to provide for her own needs.  Additionally, Husband and Wife also had the same educational background, a high school degree and approximately two years of college.  Finally, the family court indicated that although it granted Wife a divorce based upon Husbands adultery after the parties separation, Husbands adultery did not contribute to or affect the parties decision to separate.  Therefore, the family court found Husbands conduct was not a significant factor weighing in favor of granting Wife alimony.  
The record supports the family courts decision.  The family court considered all of the pertinent statutory factors in deciding whether to award alimony and health insurance in this case.  Again, we reiterate the decision to grant or deny alimony, including an award of health insurance, remains within the sound discretion of the family court.  See Williams, 297 S.C. at 210, 375 S.E.2d at 350.  Accordingly, we find no abuse of discretion in the family courts decision to deny Wife alimony or health insurance.  
Next, Wife maintains the family court erred in its valuation of Husbands thrift savings plan.  Wife contends her attorney coerced her into accepting the valuation of $13,528.85, but the correct valuation is $15,250.43.  We disagree.
Initially, we note Wife did not raise this issue below and therefore it is questionably preserved for appeal.  See Holy Loch Distrib., Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) (In order to preserved an issue for appellate review, the issue must have been raised to and ruled upon by the trial court.).  In any event, when questioned by the court concerning the parties agreement, Wife testified that the terms were fair and the valuation of the plan was accurate.  The family court approved the agreement, and it is binding on the parties.  See Moseley v. Mosier, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983) (With the courts approval, the terms [of the agreement] become part of the decree and are binding on the parties and the court.).  Accordingly, the family court did not err in approving a valuation freely and voluntarily agreed upon by both parties. 
 AFFIRMED.
 GOOLSBY, HUFF, and STILWELL, JJ., concur.

[1]   We decide this case without oral argument pursuant to Rule 215, SCACR.
[2]   The family court found the parties separated for several months in 1999 then reconciled and separated permanently in 2001.