18345

Percy E. NORRIS, Complainant, v. Kale R. ALEXANDER, Respondent. Ralph W. SCHAEWE, Complainant, v. Kale R. ALEXANDER, Respondent, Mr. and Mrs. William V. LIVINGSTON, Complainants, v. Kale R. ALEXANDER, Respondent.

(142 S. E. (2d) 214)

*Messrs. Daniel R. McLeod, Attorney General,* and *Julian L. Johnson* and *Grady L. Patterson, Jr., Assistant Attorneys General,* of Columbia, *for Complainants.*

*Kale R. Alexander, Esq.,* of Columbia, *for Respondent, in pro persona.*

May 12, 1965.

PER CURIAM.

The above named complaintants filed with the Board of Commissioners on Grievances and Discipline, pursuant to the Rule on Disciplinary Procedure of this Court, three separate verified complaints against Kale R. Alexander, the respondent herein, a duly licensed attorney who resides and maintains an office for the practice of law in Richland County, South Carolina. In each of the complaints it is alleged that the respondent committed acts of misconduct or indulged in practices which tend to pollute the administration of justice or to bring the courts and the legal profession into disrepute by accepting fees from each of them and failing to perform professional services therefor. The respondent duly filed an answer to these complaints.

A Hearing Panel consisting of three Commissioners was appointed by the Chairman of the Board of Commissioners on Grievances and Discipline, pursuant to Rule 9 on Disciplinary Procedure, to conduct a hearing as to the alleged professional misconduct and practices of the respondent. A hearing was held in each of the cases on January 29, 1964. Thereafter, on February 20, 1964, the Panel filed its report in each of the cases finding the respondent guilty of professional misconduct and recommending that "disciplinary action, by way of public reprimand, should be taken against the respondent" for his misconduct.

The Board of Commissioners on Grievances and Discipline, after due notice to all parties in accordance with Rule 11, reviewed the certified reports of the Panel in each of the cases and on January 25, 1965, issued its report adopting the certified report of the Panel as to its findings of fact in each of the cases but directing that the three cases should be consolidated and that "the respondent be given one public reprimand applicable to all three of these matters or cases, rather than one public reprimand in each, as contained in the Panel's three separate reports."

The aforesaid certified final report of the Board of Commissioners on Grievances and Discipline was duly filed with this Court and, on February 11, 1965, we issued an order directing the respondent to show cause before this Court on April 16, 1965, why the report of the said Board should not be confirmed and a disciplinary order entered. This case was heard by us at the appointed time upon the aforesaid report and the return of the respondent thereto.

Since the Board of Commissioners on Grievances and Discipline has consolidated the three cases here involved and recommended that the respondent be given one public reprimand applicable to all three, a review only of the evidence in the *Norris case* becomes necessary.

Percy E. Norris testified that on October 30, 1961, he went to the office of the respondent and consulted him about

obtaining a divorce. He said the respondent told him that his fee would be $200.00 and that it would take from ninety days to six months to obtain the divorce. The aforesaid fee was paid to the respondent on October 31, 1961, by a check drawn by Percy E. Norris on the South Carolina National Bank. After the expiration of ninety days, the witness said he made many attempts to contact the respondent but without success. Finally Norris found out by making inquiry at the Clerk of Court's office for Richland County that the respondent had never instituted a divorce action in his behalf. Norris then hired another attorney and secured a divorce.

The respondent admits that he was employed by Norris to obtain a divorce for him and received as a fee therefor the sum of $200.00. He also admits that he took no action in behalf of Norris. In his testimony, the respondent says:

"I didn't properly attend to Percy's business. As I say, I am sorry about it. I have refunded his money. I wish I could give him more, but I was having, as I say, all this illness along that time. I run a one man office, I am the only man. When I am not there nothing goes on and a lot of this is attributable to that, the fact that for a period of well, I guess close to two years, I have just not been able to spend much time there. During this period I was out a great deal. I hope, actually with the payment of this money, I apologize and I hope Percy and Catherine will forgive me for what I haven't done for them. It's not easy to make an apology like that but I hope, I feel like it's proper."

The Hearing Panel found that the respondent did not make the proper effort to secure a divorce for Norris even though he had accepted a fee for such legal services. Specifically, the Panel held "There was no effort on the part of the respondent to do the necessary legal work for the complainant or return his money and relieved of his duties as an attorney for the complainant until the respondent was pushed to a hearing in this matter." This finding was concurred in by the Board of Commissioners on Grievances and Discipline.

18

The trust and confidence necessarily reposed in an attorney by a client requires of such attorney a high standard and appreciation of his duty to his clients, his profession, the courts and the public. It is a duty required by the covenant to which an attorney binds himself by the oath taken upon his admission to the bar of this State. *Burns v. Clayton,* 237 S. C. 316, 117 S. E. (2d) 300. Nothing should be done or left undone by an attorney which tends to bring the profession into disrepute or to lessen in any degree the confidence of the public in the profession. It is a vital necessity to the well-being of society and the administration of justice that attorneys, who are officers of the court and a part of our judicial system, should exhibit the most scrupulous care in conducting themselves and their business in such a manner as will secure and maintain the respect and confidence of the public in an attorney and the profession generally.

An attorney, who contracts to prosecute an action on behalf of his client, impliedly represents that he possesses the requisite degree of learning, skill and ability, which is necessary to the practice of his profession; that he will exert his best judgment in the prosecution of the litigation entrusted to him; and that he will exercise reasonable and ordinary care and diligence in the use of his skill and in the application of his knowledge to the cause of his client. This requires that an attorney should with reasonable diligence and dispatch prosecute his client's cause.

The right to practice law is not an absolute one; as an officer of the court the lawyer's tenure is during good behavior; and the court that admitted him to practice has inherent power to discipline him for misconduct and such may be effected by disbarment, suspension, or censure, referred to in our Rules as a reprimand, which may be public or private, when by clear and convincing proof it has been shown that the conduct of the attorney has been such as to warrant disciplinary action.

The only reasonable conclusion that can be drawn from the testimony in this proceeding is that, on October 31, 1961, Norris retained the respondent to institute a suit for divorce and paid him the required fee for which he agreed to prosecute it to a final decree but took no action in behalf of Norris. The respondent admits that he has not rendered any adequate service to Norris for the money which he paid him in the expectation of receiving such service. In fact, he rendered him no service at all.

The Canons of Professional Ethics, as promulgated by the American Bar Association, were adopted as a Rule of this Court in 1956, and such Canons represent the concensus of the bar on the standard that lawyers in their practice should follow and uphold. These Canons prohibit an attorney from engaging in practices that bring the courts or the legal profession into disrepute. When an attorney fails to render proper service he invites and merits disciplinary action.

The respondent, by his return, alleges that on January 27, 1964, which was prior to the hearing before the Panel, Norris accepted a refund of the fee which respondent had collected from him and gave a release which, as a matter of law, operated to exonerate the respondent of the charges made against him. The settlement made by the respondent with Norris is no defense in this proceeding. Such settlement between the respondent and his client releases the attorney from civil liability put does not preclude inquiry as to the charge that he has been guilty of professional misconduct. 7 C. J. S. Attorney and Client § 25(c), at page 767.

It has been held that the disbarment of an attorney is not required by mere negligence in the performance of his duties, by mere laziness or inattention to duty, in the absence of any moral delinquency or dishonorable or corrupt motive. 7 Am. Jur. (2d), Attorneys at Law Section 33, page 63; *Gould v. State*, 99 Fla. 662, 127 So. 309, 69 A. L. R. 699.

20

We conclude, as did the Board of Commissioners on Grievances and Discipline, that the respondent is guilty of professional misconduct which tends to bring the courts and the legal profession into disrepute and for such he should be censured.

Having found Kale R. Alexander guilty of the professional misconduct before mentioned, he stands publicly reprimanded by this Court in accordance with Section 5(c) of the Rule on Disciplinary Procedure.

Let this order be published with the opinions of this Court.

In view of the foregoing conclusion, we deem it unnecessary to discuss the evidence in the *Schaewe* and *Livingston* cases. It is sufficient to say that the evidence warranted the conclusion reached by the Board of Commissioners on Grievances and Discipline. However, the public reprimand heretofore ordered is likewise applicable to these cases in accordance with the recommendation made by the said Board.

Be it so ordered.