19222

In The Matter of Evans M. BUNCH, Jr., Respondent
(181 S. E. (2d) 674)

*Messrs. Daniel R. McLeod, Atty. Gen.,* and *Irvin D. Parker, Asst. Atty. Gen.,* of Columbia, *for Complainant,* ▮▮▮

*Messrs. Waddell Byrd,* of Marion, *Frank L. Taylor,* of Columbia, and *James P. Stevens,* of Loris, *for Respondent,*

May 24, 1971.

*Per Curiam.*

A complaint was filed with the Board of Commissioners on Grievances and Discipline against Evans M. Bunch, Jr., the respondent herein, a duly licensed attorney who resides and maintains an office for the practice of law in Horry County, South Carolina. It is alleged that the respondent committed acts of misconduct or indulged in practices which tend to pollute the administration of justice or to bring the courts and the legal profession into disrepute as follows:

1. In February of 1964 respondent, representing Pure Oil Company, collected a judgment against G. E. Barker in the amount of $554 and failed to promptly remit this amount to his client.

2. In May of 1966 respondent, representing C & M Distributing Company, secured a judgment against Mario Perrone d/b/a Melinda's Gift Shop, in the amount of $150 and satisfied this judgment in March of 1968, but did not promptly remit this amount to his client.

3. In January of 1964 respondent secured a judgment in the amount of $316.98 against Samuel P. Clemons in favor of Sinclair Oil Corporation and satisfied this judgment on August 24, 1968 but did not promptly remit this amount to his client.

The respondent duly filed an answer to the complaint alleging essentially confession and avoidance. After complaints were filed the amounts collected were paid to these three creditors.

A hearing panel consisting of three commissioners was appointed by the chairman, pursuant to Rule 9 on Disciplinary Procedure, to conduct a hearing as to the alleged professional misconduct and practices of the respondent. A hearing was held on July 13, 1970. Thereafter, on September 28, 1970 the panel filed its report finding the respondent guilty of professional misconduct and recommending that he be indefinitely suspended as an attorney at law in the State of South Carolina.

The Board of Commissioners on Grievances and Discipline, after due notice to all parties in accordance with Rule 11, received further documents and fully questioned respondent. It then reviewed the certified report of the panel, and on February 1, 1971 issued its final report adopting the panel's finding of fact, but recommended to this court the lesser sanction of public reprimand.

The aforesaid certified final report of the Board of Commissioners on Grievances and Discipline was duly filed with this court, and on February 9, 1971 we issued an order directing the respondent to show cause before this court on April 13, 1971 why the report of the Board should not be confirmed and an appropriate disciplinary order entered. This case was heard by us at the appointed time upon the report and the return of the respondent thereto.

The evidence shows that Mr. Bunch graduated from the Woodrow Wilson School of Law in Atlanta, Georgia, and was admitted to practice in South Carolina in 1957. A large portion of his law practice consisted of collections. He testified that he had at one time approximately 4000 files, most of which were active, and 500 executions with the sheriff. Between 1959 and 1964 he had a highly capable stenographer who attended to many of the routine tasks incident to handling collection items. In 1964 she moved to California and since that time he has been unable to keep competent secretarial and stenographic help.

Mr. Bunch admitted the essential facts set forth in the complaint, but denied that his conduct tended to pollute the administration of justice or bring the courts and the legal profession into disrepute. It was his contention that the complaints grew out of his poor office management, and he submitted that he had no intent to use the funds of others for his own personal use.

He maintained what was ostensibly a "trust account" but he testified that secretaries' salaries were paid out of that account. Examination by the panel revealed that he did not maintain a trust account, and that all office expenses were paid from the same bank account into which he deposited funds collected for clients.

Inasmuch as Mr. Bunch was not charged with commingling of funds with his own, the Commission did not, and this court will not, find him guilty thereof; however, it is ap-

propriate to call attention to a portion of Canon 11, which reads as follows:

"Money of the client or collected for the client or other trust property coming into the possession of the lawyer should be reported and accounted for promptly, *and should not under any circumstances be commingled with his own or be used by him.*" (Emphasis added.)

The only reasonable conclusion that can be drawn from the above testimony is that Mr. Bunch failed to discharge his duty and trust as an attorney by promptly forwarding to his clients the amounts due them.

"The trust and confidence necessarily reposed in an attorney by a client requires of such attorney a high standard and appreciation of his duty to his clients, his profession, the courts and the public. It is a duty required by the covenant to which an attorney binds himself by the oath taken upon his admission to the bar of this State." *Norris v. Alexander,* 246 S. C. 14, 142 S. E. (2d) 214 (1965).

It is axiomatic that nothing should be done or left undone by an attorney which will tend to bring the profession into disrepute or lessen the public confidence in it. This includes the duty to promptly report and account for funds held for a client, and the duty to keep funds belonging to clients separately from the attorney's own such that there can never be any question relative to ownership.

The right to practice law is not an absolute one; the lawyer's tenure, as an officer of the court, is during good behavior. The court that admitted him to practice has the inherent power to discipline him for misconduct and such may be effected by disbarment, suspension, or censure, referred to in our rules as a reprimand, which may be public or private, when by clear and convincing proof the attorney's conduct warrants such action. *Norris, supra.*

Disbarment of an attorney is not required by mere negligence in the performance of his duties, by mere laziness or inattention to duty, in the absence of any moral delin-

quency or dishonorable or corrupt motive. 7 Am. Jur. (2d) Attorneys at Law, § 33.

We conclude, as did the Board of Commissioners, █▌ that the respondent is guilty of professional misconduct which tends to bring the courts and the legal profession into disrepute. We now approach the question of what is the appropriate discipline. It is the observation of this court that the Board of Commissioners are a dedicated group of attorneys who conscientiously pursue the complaints regarding charges against attorneys. The recommendation of this Board should be given much weight. We find no cogent reasons in the record before us for refusing to accept the recommendation that Mr. Bunch be publicly reprimanded.

Having found Evans M. Bunch, Jr., guilty of the professional misconduct before mentioned, he stands publicly reprimanded by this court in accordance with Section 5(c) of the Rule on Disciplinary Procedure.

Let this order be published with the opinions of this court.