477 So.2d 928 (1985)
Roy C. BELLAMY
v.
Milton W. JANSSEN.
No. CA-3213.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1985.
*929 Michael E. Souleau, Covington, for appellee.
Terrence J. Lestelle, Andrea S. Lestelle, New Orleans, for appellant.
Before WILLIAMS and ARMSTRONG, JJ., and PRESTON H. HUFFT, J., Pro Tempore.
PRESTON H. HUFFT, Judge Pro Tempore.
In this legal malpractice action for an allegedly improper and negligent settlement of a personal injury claim, plaintiff appeals from a judgment of dismissal on an exception of one-year prescription. We affirm.
On January 12, 1976, Roy C. Bellamy, a Jones Act seaman, was injured in a two-vessel collision. On March 14, 1977, Bellamy retained defendant-attorney Milton W. Janssen to pursue his legal rights. Janssen's negotiations with Bellamy's employer, Penwalt Corporation/Automatic Power Inc., owner of one of the vessels involved, resulted in a $58,544.00 settlement on May 18, 1977, whereby Bellamy signed a release and subrogation in favor of his employer and its insurers, but reserved his claim against the owner and operator of the second vessel.
In 1979, Bellamy consulted another attorney, Leonard A. Radlauer, concerning his rights against Garber Brothers, the owner of the second vessel involved.[1] In the course of investigating this claim, Radlauer reached the opinion that Bellamy might have a malpractice claim against his former attorney, Janssen, for improperly advising his client to settle for the inadequate sum of $58,544.00, where Bellamy's Jones Act and maritime claims were valued by Radlauer to be at least five times greater than the settlement figure. According to Radlauer, he advised Bellamy in early September, 1980 of the potential malpractice, and filed suit against Janssen shortly thereafter on September 17, 1980.[2]
Plaintiff's malpractice action was met with an exception of no cause of action. The trial judge maintained the exception and Bellamy appealed to this court. On March 14, 1984, in an unpublished opinion in NO. CA-1319, Bellamy v. Janssen, another panel of this court reversed the trial court and remanded the case for trial on the merits, concluding that the petition had sufficiently alleged acts of negligence against Janssen.
Thereafter, Janssen filed an exception of one-year tort prescription on the grounds that the settlement in question had been signed on May 18, 1977, and that the malpractice action filed over three years later, on September 17, 1980, was untimely. The trial judge maintained the exception and dismissed the malpractice suit without oral or written reasons.
*930 Appealing, Bellamy contends that the prescriptive period did not commence to run until he knew or should have known of facts enabling him to conclude that malpractice had been committed. According to Bellamy, the deposition and affidavit of his attorney Radlauer, which were filed in opposition to the exception, establish that he was not able to determine the existence of malpractice until early September, 1980, when Radlauer advised him of it. In this regard, Bellamy asserts that his lack of legal expertise in evaluating personal injury claims and his mere participation in the settlement did not afford him knowledge sufficient to commence the running of prescription. Alternatively, Bellamy contends that his malpractice claim is subject to the ten-year prescriptive period for contracts because it is based on his attorney-client contract with Janssen, who strongly recommended that he take the $58,544 and thereby expressly warranted or guaranteed a particular result in the case. We disagree.
At the outset, we reject plaintiff's argument that the prescriptive period began when the new attorney, Radlauer, informed him of his opinion that malpractice had occurred. Although prescription does not begin to run until a plaintiff has knowledge of both the tort and the result in damages, i.e., until a cause of action has manifested itself with sufficient certainty to be capable of proof in a court of law, this doctrine applies only if a plaintiff's ignorance is not willful and does not result from his own negligence. Henderson v. Diamond Datsun, Inc., 413 So.2d 542 (La. App. 4th Cir.1982). It is not necessary that a party have actual knowledge of the conditions as long as there is "constructive notice" to excite his attention and put him on inquiry, which is tantamount to knowledge or notice of everything to which inquiry may lead and is sufficient to start the running of prescription. Cartwright v. Chrysler Corporation, 255 La. 598, 232 So.2d 285 (1970); Sturm v. Zelden and Zelden, 445 So.2d 32 (La.App. 4th Cir.1984). In the absence of fraud or concealment, a plaintiff's mere ignorance of his rights will not toll the statute of limitations. Martin v. Mud Supply Company, 239 La. 616, 119 So.2d 484 (La.1960); Wingate v. National Union Fire Ins. Co., 435 So.2d 594 (La. App. 3rd Cir.1983), writ denied 440 So.2d 762 (La.1983).
Applying these principles to the instant case, we conclude that Bellamy had at least constructive notice of the conditions giving rise to the alleged malpractice as early as May 18, 1977, the very day the release was signed. Although Bellamy is a layman unschooled in legal matters, he could just have easily have consulted a second attorney to examine the facts and evaluate the claim for him on the day after the settlement, as on a day over three years later, when attorney Radlauer examined the case and advised him to file a malpractice claim. The alleged acts of malpractice and the circumstances giving rise to the cause of action were apparent and obvious to anyone seeking to examine the record. The settlement amount, the extent of plaintiff's personal injuries from the maritime collision, and the alleged inadequacy of the settlement terms were either known or discoverable at the time the release was signed. Bellamy was not confronted with a latent injury or any other circumstances hindering a reasonable person from evaluating the case. His cause of action in malpractice therefore arose on the day of the settlement, and the one-year prescriptive period in tort commenced from that date.
Indeed, to accept Bellamy's argument and to conclude that plaintiff has timely filed his suit under these circumstances would impugn the finality of every pretrial settlement now in existence. To allow a client to file a malpractice suit against his former attorney three years after a settlement of litigation based upon a second attorney's opinion that the settlement figure was too low and the prior attorney's negotiations and advice were negligent would defeat the utility of amicable settlements as a desirable means of resolving legal disputes and would emasculate the entire *931 concept of liberative tort prescription. We cannot countenance such a result.
We likewise reject plaintiff's argument that his suit for malpractice is subject to a ten-year prescriptive period in contract rather than the one-year period in tort. Although actions based on legal malpractice can be either contractural or delictual or both in nature, an attorney's duty to use his best professional skill and judgment is a legal rather than contractual one, and a breach of this duty amounts to a tort, except when the attorney breaches an express warranty of result. Sturm v. Zelden and Zelden, supra; Corceller v. Brooks, 347 So.2d 274 (La.App. 4th Cir.1977), writ denied 350 So.2d 1223 (La.1977). Cherokee Restaurant, Inc. v. Pierson, 428 So.2d 995 (La.App. 1st Cir.1983), writ denied 431 So.2d 773 (La.1983). As this court pointed out in Corceller v. Brooks, supra, a warranty or guarantee by an attorney of a particular result of a litigious claim is foreign to the nature of the legal profession, although it is conceivable that an attorney may guarantee that he will follow a particular course of action or do a specific thing on the client's behalf.
In the instant case, although a contract existed for legal representation between Janssen and his client, there is no evidence that Janssen warranted or guaranteed a particular result to Bellamy at the beginning of their attorney-client relationship. Despite plaintiff's arguments that Janssen subsequently urged him to sign the release of Bellamy's employer and represented to him that the settlement figure was the best possible result in the case, such advice was not a warranty or guarantee of a favorable result, but rather was in the nature of legal services delivered by Janssen as attorney and counsellor to his client. Bellamy's allegation that Janssen's settlement advice was improper is essentially an allegation that the attorney negligently failed to exercise the degree of care, skill, and diligence exercised by prudent practicing attorneys in the locality in negotiating in behalf of their clients and advising them of their legal rights. See Ramp v. St. Paul Fire and Marine Insurance Company, 263 La. 774, 269 So.2d 239 (1972). This court implicity recognized as much in its earlier, unpublished opinion on the exception of no cause of action, supra, by holding that Bellamy had alleged "acts of negligence" against the defendant attorney. There is no mention in our earlier opinion of any cause of action in contract against Janssen.
Accordingly, we conclude that plaintiff's cause of action in malpractice arose in tort rather than in contract and was therefore subject to a one-year prescriptive period. Plaintiff's malpractice suit filed in excess of one year following the date of the pretrial settlement is therefore untimely.
Accordingly, the judgment is affirmed.
AFFIRMED.
NOTES
[1] Penwalt Corporation/Automatic Power Inc.'s insurer, Atlantic Mutual Insurance Company, subsequently filed an action in subrogation against Garber Brothers (Civil Action No. 77-1882 in Federal District Court E.D.La.). Bellamy, who was no longer represented by Janssen, filed a third party claim in that federal court action and also filed his own separate claim against Garber Brothers in Louisiana State Court (No. 79-11359, Civil District Court, Orleans Parish).
[2] Radlauer also filed an action in federal court to set aside the settlement negotiated by Janssen, but the agreement was upheld and the suit was dismissed on summary judgment. (Civil Action No. 79-3851, Federal District Court, E.D. La.).