569 So.2d 35 (1990)
Robert C. RHODEN, et al.
v.
William J. WEGMANN, et al.
No. 90-CA-0202.
Court of Appeal of Louisiana, Fourth Circuit.
October 11, 1990.
Writ Denied January 4, 1991.
*36 A.D. Freeman, New Orleans, for plaintiffs-appellants, Robert C. Rhoden, et al.
W. Paul Anderson, Leake & Anderson, New Orleans, for defendant-appellee, William J. Wegmann, et al.
Before KLEES, BYRNES and WILLIAMS, JJ.
KLEES, Judge.
This case involves an exception of prescription maintained in an action for attorney malpractice. We affirm.
In the early part of 1979, plaintiffs, Robert C. Rhoden and Dorothy S. Rhoden, employed the defendant attorney, William J. Wegmann, in order to establish a corporation owned by the Rhodens to purchase a business. The corporation was intended to shield the Rhodens from personal liability. The purchase was secured by a note signed by Mr. and Mrs. Rhoden ostensibly on behalf of the corporation set up by Wegmann. Some time in 1985, the Rhodens defaulted on the note, and the heirs of the vendor, a Mr. Scullin, instituted a lawsuit against the Rhodens. As it turned out, the corporate documents were not filed until some time after the note was signed. Thus, the corporation did not exist at the time the note was signed by the Rhodens, and on December 10, 1986 they were personally cast in judgment for the amount owed on the note.
The Rhodens filed suit on March 22, 1988 against Wegmann alleging attorney malpractice stemming from his failure to file the corporate documents in timely manner. That suit was dismissed by the trial court on an exception of prescription filed by Wegmann. The Rhodens then instituted this appeal.

Exception of Prescription
An action alleging attorney malpractice is in the nature of a delictual action and prescription accrues in one year in the absence of express warranties by the attorney. La.C.C. art. 3492; Carey v. Pannell, Kerr, Foster, 559 So.2d 867 (La.App. 4th Cir.1990); Rayne State Bank & Trust Co. v. National Union Fire Ins. Co., 483 So.2d 987 (La.1986).
*37 Prescription does not begin to run until the creditor has knowledge of both the tort and the resulting damages. Bellamy v. Janssen, 477 So.2d 928 (La.App. 4th Cir.1985), writ denied, 484 So.2d 667 (La. 1986). However, it is not necessary that the creditor have actual knowledge of the conditions as long as there is "constructive notice," i.e. the creditor knew or should have known by exercising reasonable diligence that there was a reasonable possibility that his problem was caused by acts of malpractice. Bellamy v. Janssen, supra; Cordova v. Hartford Accident & Indemnity Co., 387 So.2d 574 (La.1980); Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987).
Rhoden claims that he had no knowledge of the facts supporting this action until February 19, 1988, when his attorney at that time advised him that he should sue Wegmann. However, it was back on November 24, 1986, the date of the Scullin trial, that the trial judge carefully explained to Rhoden that the reason Rhoden would be personally liable on the note was because the corporation did not exist at the time the note was signed. Rhoden admitted having such knowledge on the day of the trial and additionally stated that something his attorney at that time, Stephen Vallot, said to him after the trial made reference to the date of incorporation and the problem therewith. Indeed shortly after that time, Rhoden called Wegmann to ask him if there was a problem with the date of incorporation. Rhoden clearly had at least enough information on the date of the Scullin trial to put him on inquiry.

Contra Non Valentum Agere Nulla Currit Praescriptio
Rhoden next argues that the doctrine of contra non valentum should be applied in this case to prevent the running of prescription. The rule that prescription does not run against one who could not bring his lawsuit has been limited to cases in which the debtor has concealed the facts of the obligation or has committed other acts which tend to hinder, impede or prevent the creditor from ascertaining knowledge of the existence of the debt. Cartwright v. Chrysler Corporation, 255 La. 597, 232 So.2d 285 (1970).
In the instant case we have previously decided that Rhoden had at least the requisite constructive knowledge to begin the running of prescription on the date of the Scullin trial, November 24, 1986. Thus, Rhoden could have filed his suit against Wegmann any time after that date. Nevertheless, Rhoden argues that when he asked Wegmann about the problem with the date of incorporation, Wegmann responded that he had done nothing wrong, and thus, Wegmann concealed facts from Rhoden preventing him from filing his suit. This reasoning must fall as it would lead to an absurd result: that is to state that prescription would not run against any tortfeasor who claimed he had done nothing wrong. The trial judge properly excluded the doctrine of contra non valentum from application in the instant case.

Suspension of Prescription During Attorney-Client Relationship
Rhoden contends finally that the running of prescription was suspended under the holding of Newsom v. Boothe, 524 So.2d 923 (La.App. 2d Cir.1988), writ denied, 531 So.2d 479 (La.1988). That case held that prescription in a legal malpractice claim is suspended as long as the attorney-client relationship is maintained. In other words, prescription does not begin to run until the relationship during which the alleged malpractice is committed is terminated.
Newsome can be distinguished from the case at bar since the attorney-client relationship existing between Rhoden and Wegmann at the time of the alleged malpractice was terminated long before the Scullin lawsuit. Rhoden was represented by Vallot in that lawsuit. At some point shortly after the Scullin trial. Rhoden contacted Wegmann in order to obtain Wegmann's representation to handle the appeal of the Scullin judgment. Wegmann informed Rhoden that he would not be able to handle the appeal but referred him to another attorney, Arthur Kingsmill. Wegmann *38 additionally agreed to obtain certain documents related to Rhoden's corporation for him, and Wegmann also assisted Rhoden in drafting some sort of letter to his former attorney, Stephen Vallot. Both were merely clerical services. A bill was sent to Rhoden on February 10, 1987, after which Wegmann had no further dealings with Rhoden until the filing of this suit. Wegmann did not assist Kingsmill in the appeal and received no remuneration for services in connection therewith. Therefore, even if we assume that an attorney-client relationship was established between Rhoden and Wegmann shortly following the Scullin trial, we must conclude that the relationship ended on the date of the final billing. The lawsuit was not filed until March 22, 1988, more than a year later. Thus, the trial court was correct in maintaining the exception of prescription under the facts presented in this case.
Accordingly, for the reasons stated, the judgment of the trial court is affirmed.
AFFIRMED.