531 S.E.2d 282

**HOLY LOCH DISTRIBUTORS, INC., George Hart and Ann Law, Respondents,**

v.

**R.L. HITCHCOCK, A. Christopher Potts, and Brock & Hitchcock, a South Carolina Partnership, Petitioners.**

No. 25099.

Supreme Court of South Carolina.

Heard Feb. 2, 2000.

Filed March 27, 2000.

Refiled May 1, 2000.

Susan Taylor Wall and David J. Parrish, of Nexsen Pruet Jacobs Pollard & Robinson, LLP, of Charleston, for petitioners.

Daryl G. Hawkins, of Lewis, Babcock & Hawkins, LLP, of Columbia, for respondents.

## ORDER

The attached opinion is substituted for the opinion previously filed in this matter on March 27, 2000.

/s/ Jean H. Toal, C.J.
FOR THE COURT

TOAL, Acting Chief Justice:

R.L. Hitchcock ("Hitchcock") appeals the Court of Appeals' decision to adopt a breach of an express warranty to obtain a specific result as a new common law cause of action against attorneys in South Carolina. We reverse the Court of Appeals.

## FACTS/PROCEDURAL BACKGROUND

In 1991, George Hart and Ann Law, who are both citizens of the United Kingdom domiciled in Scotland, consulted with the law firm Brock & Hitchcock about pursuing a business opportunity involving the distribution of imported beer and related products in Charleston, South Carolina. Attorneys R.L. Hitchcock and A. Christopher Potts incorporated the business as Holy Loch Distributors, Inc. ("Holy Loch") in South Carolina and helped obtain the appropriate visas and immigration documents so that Holy Loch could conduct business legally in the United States. Hitchcock and Potts secured the necessary permits and licenses to distribute imported beer under South Carolina law, but failed to obtain or discover the need for the appropriate permits and licenses required by federal law.

On November 9, 1993, agents of the United States Bureau of Alcohol, Tobacco, and Firearms ("ATF") notified Holy Loch that they were operating in violation of federal law and were charged with: (1) distributing alcohol without a permit; (2) distributing alcohol without paying the applicable special taxes; and (3) engaging in everyday business activities in violation of immigration laws. Holy Loch paid the fines and taxes and applied to the ATF for the appropriate federal permits or

licenses. Hitchcock repeatedly told Holy Loch "not to worry" and assured them that they would be able to obtain the permits and remain in business. Even after the ATF denied Holy Loch's application, Hitchcock continued to assure Holy Loch that they would be able to obtain the documentation needed to remain in business. In reliance on their representation, Holy Loch remained in business, paid the outstanding taxes and fines, and made application for the appropriate permits and licenses with the ATF.

On February 8, 1995, the administrative law judge upheld the denial of the permits. At the hearing, Attorney Potts testified that neither he nor Hitchcock knew a federal license or permit was required for Holy Loch to conduct business in South Carolina. Holy Loch ceased operation of its business after the administrative hearing.

On March 12, 1997, Holy Loch, George Hart, and Ann Law brought this action against attorneys Hitchcock and Potts individually, and against the Brock & Hitchcock law firm. They subsequently filed two amended complaints alleging: (1) professional negligence; (2) breach of fiduciary duty; (3) breach of contract; and (4) breach of warranty. Hitchcock moved for dismissal of the complaint pursuant to Rule 12(b)(6), SCRCP for failure to state facts sufficient to constitute a cause of action. Hitchcock argued the three year statute of limitations on the causes of actions began to run on November 9, 1993, when Holy Loch knew they were in violation of federal alcohol and immigration laws, and had expired prior to the filing of the Complaint. Holy Loch opposed the motion arguing: (1) Hitchcock was estoppped from asserting the statute of limitations as a bar to the complaint because of their repeated assurances that they would be able to obtain the necessary permits and licenses; and (2) since Holy Loch asserted a novel cause of action, breach of warranty in a legal malpractice action, dismissal pursuant to Rule 12(b)(6) was inappropriate. The trial judge granted the motion on the ground the statute of limitations had expired as to all causes of action.

Holy Loch appealed and the Court of Appeals reversed and remanded, holding that a defendant may be estopped from asserting statute of limitations as a defense if the delay that

otherwise would give operation to the statute has been induced by the defendant's conduct, including an express representation that the claim will be settled without litigation or conduct that suggests a law suit is not necessary. *Holy Loch Distribs., Inc. v. Hitchcock,* 332 S.C. 247, 503 S.E.2d 787 (Ct.App.1998). Additionally, the Court of Appeals recognized a breach of an express warranty to obtain a specific result as a new common law cause of action against attorneys in South Carolina. *Id.* at 258–61, 503 S.E.2d at 793–94. This Court granted certiorari to address the express warranty cause of action, and the issues on appeal are as follows:

(1) Was the express warranty issue properly preserved for appellate review?

(2) Did the Court of Appeals err in recognizing a new cause of action for legal malpractice based on a breach of an express warranty to obtain a specific result?

## LAW/ANALYSIS

### I. Issue Preservation

 Hitchcock argues that the Court of Appeals erred when it recognized a cause of action for legal malpractice based on breach of express warranty to obtain a specific result because the validity of this novel theory was not raised to or ruled upon by the trial judge, was not raised before the Court of Appeals by proper exception on appeal, and was not necessary to the determination of the issue on appeal. We disagree.

 In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court. *Wilder Corp. v. Wilke,* 330 S.C. 71, 497 S.E.2d 731 (1998). *But see I'on v. Town of Mt. Pleasant,* 338 S.C. 406, 526 S.E.2d 716 (2000) (holding it is not always necessary for the lower court to rule on an issue for it to be preserved for appellate review where the issue is raised as an additional sustaining ground). First, Holy Loch specifically raised the express warranty issue in its Second Amended Complaint as their fourth cause of action. In their Second Amended Complaint, Holy Loch alleges:

> Immediately after contact with the federal agents of the Bureau of Alcohol Tobacco and Firearms ("ATF"), the Plaintiffs advised Law Firm of the ATF's allegations and an agent and/or representative of *Defendants made an express representation, guaranty, and/or warranty* that the Plaintiffs had nothing to worry about and would be able to remain in business. Further, that the necessary licenses and/or permits would be acquired and that their visas were appropriate. (emphasis added).

Second, the trial court ruled upon the express warranty issue in the Order of Dismissal with Prejudice. The Order specifically states "Each of the four causes of action, professional negligence, breach of fiduciary duty, breach of contract, and *breach of warranty,* cannot go forward against Defendants because the statute of limitations has run on all causes of action." (emphasis added). Therefore, breach of express warranty was not only before the trial court for consideration, but it was also specifically ruled on by the trial court.

Hitchcock also argues that the express warranty issue was not properly raised by exception on appeal. Hitchcock argues that the exceptions raised by Holy Loch on appeal address the express warranty cause of action only within the context of the statute of limitations issue. In Holy Loch's final brief to the Court of Appeals they raised the following issue: "Did the Circuit Court err when it dismissed the fourth cause of action for breach of express warranty due to the expiration of the statute of limitations [S.C.Code Ann. § 15-3-535 (Supp. 1996) ]." If a court applies a statute of limitations to a cause of action, it is logical that the court issuing the ruling recognized the applicability of the cause of action. The issue presented by Holy Loch's brief included a discussion of the validity of a breach of express warranty as a cause of action. The issue of breach of express warranty to obtain a specific result was, therefore, properly before the Court of Appeals.

Moreover, Hitchcock addressed the express warranty issue extensively in their brief to the Court of Appeals. In their brief, Hitchcock distinguished the express warranty cases relied on by Holy Loch and argued there was no "basis for Holy Loch to argue that the South Carolina Supreme Court had indicated any allowance for such claim." Hitchcock cannot argue the express warranty issue was not properly before

the Court of Appeals when they: (1) never presented this non-preservation argument to the Court of Appeals; and (2) addressed the validity of the express warranty issue extensively in their brief to the Court of Appeals.

## II. Express Warranty

 Hitchcock argues that the Court of Appeals erred in creating a new cause of action for legal malpractice based on breach of express warranty to obtain a specific result. We agree.

 The Court of Appeals did not need to adopt a new breach of an express warranty claim because Holy Loch had recourse under existing legal malpractice remedies based on negligence, breach of fiduciary duty, and breach of contract. In South Carolina, attorneys are required to render services with the degree of skill, care, knowledge, and judgment usually possessed and exercised by members of the profession. *See Norris v. Alexander*, 246 S.C. 14, 142 S.E.2d 214 (1965). To prevail in a legal malpractice claim, the plaintiff must satisfy the following four elements: (1) the existence of an attorney-client relationship; (2) breach of duty by the attorney; (3) damage to the client; and (4) proximate causation of client's damage by the breach. *Smith v. Haynsworth, Marion, McKay & Geurard*, 322 S.C. 433, 472 S.E.2d 612 (1996). In the cases where it is alleged that an attorney expressly guarantees a result, the client has recourse under this existing cause of action.

 Moreover, express guarantees by an attorney run the risk of constituting unethical and negligent conduct. Attorneys are advised never to make absolute promises to achieve particular results. However, a rule imposing strict liability is unnecessary because the current Rules of Professional Conduct are adequate and may provide a basis of recovery against attorneys who make specific guarantees.[1] *See* Model Rules of Professional Conduct Rule 2.1 and 7.1(b) (1990) (stating that

---

**1.** Although the Rules of Professional Conduct do not give rise to specific causes of action or presumptions, the Rules are relevant and admissible in assessing the legal duty of an attorney in a legal malpractice case. *Smith v. Haynsworth, Marion, McKay & Geurard*, 322 S.C. 433, 472 S.E.2d 612 (1996).

attorneys have a duty to render candid advice and not to create an unjustified expectation about the results he or she can achieve).

South Carolina has never considered whether to apply the breach of an express warranty cause of action to attorneys.[2] The only policy reasons provided by the Court of Appeals for extending the cause of action to attorneys was that there was no reason to treat attorneys different from other professionals who warrant a result. *Holy Loch*, 332 S.C. at 260, 503 S.E.2d at 794. However, the breach of express warranty theory would change the current standard of care for attorneys. Attorneys would be held strictly liable for failing to satisfy the alleged warranty, no matter how much care, skill, knowledge, and diligence was exercised in attempt to achieve the result. An express warranty cause of action would also adversely affect the attorney-client relationship by inhibiting the frank discussion between attorney and client concerning the merits of the case. The fear of an express warranty claim would discourage attorneys from advising clients of the potential for victory in their case because this advice might be construed as a guarantee or a warranty.

In South Carolina, the cases that have recognized an express warranty to obtain a specific result involving a professional are those where a product or some other tangible item is involved, such as dentures and architectural plans or specifications. *See Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding*, 320 S.C. 49, 463 S.E.2d 85 (1995) (holding an engineer can be liable to a contractor for breaching an implied warranty that the plans and specifications were sufficient for purpose in view); *Beachwalk Villas Condominium Ass'n, Inc. v. Martin*, 305 S.C. 144, 406 S.E.2d 372 (1991)

---

2. Louisiana is the only state to recognize a breach of an express warranty to obtain a specific result against an attorney. *See Barnett v. Sethi*, 608 So.2d 1011 (La.App.1992) (holding an attorney's breach of an express warranty of result is an action for breach of contract); *Rhoden v. Wegmann*, 569 So.2d 35 (La.App.1990) (recognizing that the statute of limitations for an attorney malpractice action is different if it involves a breach of an express warranty); *Hannie v. Wall*, 569 So.2d 1044 (La.App.1990) (finding there is a ten year prescriptive period when an attorney expressly warrants a particular result).

(holding an architect can be liable for breach of an implied warranty even though no privity exists between the architect and the home buyer); *Burns v. Wannamaker*, 281 S.C. 352, 315 S.E.2d 179 (Ct.App.1984), *affirmed as modified* 288 S.C. 398, 343 S.E.2d 27 (1985). In *Burns*, the Court of Appeals held "that an express pre-treatment warranty to effect a particular result can be extended in South Carolina by a dentist." *Burns*, 281 S.C. at 353–354, 315 S.E.2d at 180. The Court of Appeals found that the dentist made express warranties as to the manufacture and fit of dentures. *Id.* Although there were no South Carolina cases that addressed this issue, the Court of Appeals found there was no reason why a dentist could not enlarge his responsibilities and contract as he sees fit. *Id.* at 354–355, 315 S.E.2d at 181 (citations omitted); *see also Banks v. Medical Univ. of South Carolina,* 314 S.C. 376, 444 S.E.2d 519 (1994) (recognizing a patient's right to recover for the breach of an express pretreatment warranty to effect a particular result, but denying a patient's right to recover for the breach of an implied contract arising from a failure to provide adequate medical treatment). However, the facts of *Burns* are distinguishable from the instant case because the express warranty involved dentures, a product, not just the dentist's professional services.[3]

## CONCLUSION

Based on the foregoing, the Court of Appeals is reversed.

MOORE, WALLER, BURNETT, JJ., and Acting Justice DIANE SCHAFER GOODSTEIN, concur.

---

**3.** This Court has recently considered whether professionals who use products in the course of their services can be held strictly liable under the Uniform Commercial Code. In *In re Breast Implant Product Liability Litigation,* 331 S.C. 540, 503 S.E.2d 445 (1998) this Court held that health care providers may not be held strictly liable for products under the U.C.C. provisions pertaining to express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose.