Per Curiam: This appeal arises from a jury verdict for the Respondent, 
which the Appellant argues to have been the result of 

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT 
 IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Janette Clayton,       
Respondent,
 
 
 

v.

 
 
 
Lands Inn, Inc., d/b/a Lands Inn and
Comfort Inn,        Defendants,
of whom Lands Inn, Inc. d/b/a Lands Inn is the       
Appellant.
 
 
 

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court 
 Judge

Unpublished Opinion No. 2004-UP-336
Submitted May 12, 2004  Filed May 17, 
 2004

AFFIRMED

 
 
 
Robert E. Lee, Amy Anderson Wise and Samuel F. Arthur, III, all of Florence, 
 for Appellant,
Ervin Lindsay Blanks, of N. Charleston and James Edward Bell, III, of Sumter, 
 for Respondent.
 
 
 

PER CURIAM:  This appeal arises from a jury 
 verdict for actual and punitive damages in favor of Respondent Janet Clayton.  
 The circuit court denied Appellant Lands Inns motions for a judgment 
 notwithstanding the verdict (JNOV), new trial absolute, and new trial nisi 
 remittitur.   Lands Inn appeals on the basis that the verdict was the 
 result of passion, caprice and prejudice. 
 [1]   We affirm.
Clayton worked as a resident hotel manager for 
 Lands Inn from 1992 until she was fired in 1996.  Robert Bowen, the executive 
 housekeeper at the hotel, believed that his job was in jeopardy.  Bowen, in 
 an effort to ingratiate himself with Richard Johnston, a Lands Inn supervisor, 
 informed Johnston that Clayton had been underreporting the number of rooms rented 
 and keeping money from those rooms. 
Pursuant to information supplied by Bowen, Johnston 
 compared the record of rooms cleaned each day to the information submitted by 
 Clayton reporting how many rooms were rented each day.  Undiscovered by Johnston 
 was the fact that Bowen dated rooms cleaned on the day prior to the actual cleaning.  
 This caused the comparison of records to show inconsistencies that, in fact, 
 did not exist.  Lands Inn, through Johnston, acted on this false information 
 and caused Clayton to be arrested for theft in July 1996.
Clayton hired an attorney in connection with the 
 criminal charge. She was denied unemployment benefits after Lands Inn reported 
 that she had been terminated for theft.  Clayton was unable to find a job until 
 seven months later when she took a lesser paying job as a hotel telephone operator.  
 During this time, Clayton had to borrow money from family and had two cars repossessed.  
 Also, at least two friends who called the hotel and asked for Clayton were told 
 that she had been terminated for theft.  The criminal charge was dismissed in 
 March 1997.  
Clayton brought an action against Lands 
 Inn for negligence, slander, and malicious prosecution.  At trial, Lands Inn 
 admitted its error and conceded there existed no basis for the theft charge 
 against Clayton.  Linda Jones, an accountant for Lands Inn, acknowledged that 
 Lands Inn made a terrible mistake.
Prior to reaching a verdict, the jurors requested 
 and were given written instructions on the difference between actual and punitive 
 damages.  A second note inquired if Lands Inn could delay payment of its award 
 pending appeal:

 
 
 
 THE
 COURT:
 The jury has sent out a note:  If we award 
 actual and punitive damages, can the defendant delay payment on both awards 
 pending appeal?  Signed by foreperson.
 I have shared this with counsel.  And the response that is 
 going to be written on the note by consent is, this is not an issue that is 
 proper for your consideration.  Is that acceptable to everyone?
 
 
 All counsel responded, 
 Yes.
 
 
 

The court then, with the consent of the parties, 
 responded with a note that instructed the jury that this was not a proper issue 
 for their consideration.
After a verdict for actual damages of $500,000 
 and punitive damages of $750,000 was returned, Lands Inn moved for judgment 
 notwithstanding the verdict, new trial absolute, and alternatively, a new trial 
 nisi remittitur.  The motions were denied, as was Lands Inns motion 
 for reconsideration.  Lands Inn appeals, arguing that the circuit court abused 
 its discretion by denying the motion for a new trial absolute because the jury 
 exceeded its authority by inquiring if payment of a potential verdict might 
 be delayed upon appeal.  This issue, however, was not raised in the trial court.
In its post-trial motions, Lands Inn claimed the 
 damage awards were grossly excessive, and moved for a new trial absolute on 
 the basis that the jury was clearly motivated by passion, caprice, prejudice, 
 whatsoever, as the court knows all the terminology there.  Lands Inn raised 
 no challenge in connection with the purportedly prejudicial jury note.  Thus, 
 the sole ground asserted on appeal was neither raised to nor ruled upon by the 
 trial court.  This issue is not preserved for appellate review.  Holy Loch 
 Distribs., Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282 (2000) (In 
 order to preserve an issue for appellate review, the issue must have been raised 
 to and ruled upon by the trial court.).  Lands Inns generic motion simply 
 cannot be construed to encompass the precise ground asserted on appeal.  See 
 Wilder Corp. v. Wilke, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (stating 
 an objection must be sufficiently specific to inform the trial court of the 
 point being urged by the objector.).
Moreover, considering the challenge to the verdict 
 as grossly excessive, we find no abuse of discretion in the trial courts denial 
 of Lands Inns motion for a new trial absolute.  The record reveals that Clayton 
 sustained substantial harm from Lands Inns egregious conduct.  We conclude, 
 as did the trial court, that the jurys verdict was not the result of passion, 
 caprice, prejudice or other improper factors.  
Accordingly, the judgment of the circuit court 
 is 
AFFIRMED.
ANDERSON, HUFF, and KITTREDGE, JJ., concur. 
 

 
 
 [1]               Lands Inns appellate counsel did not represent Lands 
 Inn at trial.