THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lillie Woodall, Respondent,
v.
Dorothy Williamson and David Woodall, Personal Representative for the Estate of Nadine Mary Woodall, Defendants,
of whom Dorothy Williamson is, Appellant,
and
David Woodall, Personal Representative for the Estate of Nadine Mary Woodall is,
Respondent.
 
 
 

Appeal From Greenville County
 Larry R. Patterson, Circuit Court Judge

Unpublished Opinion No. 2005-UP-191
Submitted March 1, 2005  Filed March 14, 2005

AFFIRMED

 
 
 
Chace Damon Campbell, of Greenville, for Appellant.
Donald R. McAlister, Jack Griffith, and Susan Cobb Singleton, all of Greenville, for Respondent.
 
 
 

PER CURIAM:  Dorothy Williamson appeals from the trial courts order affirming the probate courts decision to grant Lillie Woodall an award of $33,912 from Nadine Woodalls estate as reasonable compensation for personal caregiver services.  We affirm.[1]  
FACTS
Following the death of Nadine Woodall in January 2001, Lillie Woodall, Nadines daughter-in-law, filed a creditors claim in the amount of $49,275 against Nadines estate, claiming a portion of the estate as payment for personal caregiver services rendered for the nine years prior to Nadines death.  Nadines daughter, Dorothy Williamson, disputed Lillies claim, alleging Lillie neither render services nor did Nadine require any services.  The probate court appointed David Woodall, son of Nadine and husband of Lillie, as personal representative of the estate.  However, because of the possible conflict of interest resulting from Lillies claim, the probate court appointed Daniel Pruitt as special administrator to review Lillies claim.  
Following a hearing, the probate court ordered a partial award to Lillie, giv[ing] great weight to the evidence resulting from the investigation conducted by the Special Administrator and the medical records.  Following the probate courts denial of Williamsons motion for reconsideration, Williamson appealed to the circuit court, which affirmed the probate court.  This appeal followed.
LAW/ANALYSIS
Williamson claims the probate court erred in relying on testimony by Pruitt, who was never sworn under oath.  We find this issue was not preserved. 
It is well settled that an issue cannot be raised for the first time on appeal but must have been raised to and ruled upon by the trial court to be preserved for appellate review.  Holy Loch Distributors, Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000).
When Pruitt took the stand, the probate court told him, Im not going to administer the oath because youre an attorney and Officer of the Court with a glowing reputation here.  At that point, to preserve the issue on appeal, Williamson should have objected to the testimony of Pruitt without his being under oath.  No actions were taken in this case to preserve the issue for appellate review; therefore, this issue is not preserved for appeal.   
Williamson also argues the circuit court erred in allowing the attorney for the estate to speak on behalf of the estate and the probate courts decision to honor Lillies claim.  We disagree.
Amy Richmond was the attorney for the estate during the trial in the circuit court.  She also represented David Woodall, Lillies husband, in his capacity as the personal representative of the estate.  Williamson objected to Richmonds representation of the estate because she thought Richmond was also representing Lillie.  The circuit court dealt with Williamsons objection by reminding her that Richmond represented the estate, which did not belong to anyone yet, and that she was merely presenting the facts as the probate court deemed them to be.  We find the circuit court had sufficient evidence to overrule Williamsons objection.       
AFFIRMED. 
ANDERSON, BEATTY and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.