THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(1), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Ann M. Kneece, individually and As Personal Representative of Robert E.
Kneece, deceased,        Appellant,
 
 
 

v.

 
 
 
William H. Babcock, M.D., and South Carolina Oncology Associates, P.A.,       
Respondents.
 
 
 

Appeal From Richland County
Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No. 2005-UP-372
Submitted May 1, 2005  Filed June 7, 2005

AFFIRMED

 
 
 
Kenneth M. Suggs, of Columbia, for Appellant.
Charles E. Hill and R. Hawthorne Barrett, both of Columbia, and John Hamilton Smith and William L. Howard, both of Charleston, for Respondents.
 
 
 

PER CURIAM: In this medical malpractice action, Ann M. Kneece, individually and as personal representative of Robert E. Kneece (collectively Kneece), appeals the circuit courts grant of summary judgment in favor of William H. Babcock, M.D., and South Carolina Oncology Associates, P.A.  We affirm.[1]
FACTS
In early 1999, Robert Kneece was diagnosed with colon cancer.  Surgery was performed in February 1999, and the tumor and part of his colon were removed.  After the surgery, Mr. Kneece was referred to Dr. Babcock, an oncologist employed by South Carolina Oncology Associates, P.A., for follow-up care.  
At a visit on April 19, 1999, Dr. Babcock ordered blood tests to monitor Mr. Kneeces carcinoembryonic antigen (CEA) level, which is considered a marker for cancer.  The initial CEA registered a count of 4.4, which was within the normal range though slightly higher than Mr. Kneeces preoperative level of 3.8. A second CEA test in July revealed a level at 5.7, a number just slightly outside the normal range.  A third test was taken in January of 2000 which showed Mr. Kneeces CEA level had become significantly elevated, with a CEA count of 28.5.  Dr. Babcock had the test repeated in February.  The resulting count was further elevated at 38.7.  A CT scan revealed several areas in the liver that were suspicious for metastatic disease.  A biopsy of the liver was positive for carcinoma.  Following the diagnosis, Mr. Kneece explored multiple courses of therapy.  Unfortunately, the treatments were unsuccessful and Mr. Kneece died from liver cancer on November 23, 2000, less than two years after the initial diagnosis.  
Kneece alleged Dr. Babcock negligently failed to make a timely diagnosis and that Dr. Babcock failed to initiate treatment in a timely fashion.  Specifically, Kneece argued Dr. Babcock took no action with regard to the elevated CEA in July 1999 and, as a result, was negligent in treating Mr. Kneece, which shortened his life.  
Prior to trial, both Kneece and Dr. Babcock deposed medical experts as to the standard of care, whether Dr. Babcock deviated from that standard, and whether Dr. Babcocks actions most probably caused the injury to Mr. Kneece.  As a result of these depositions, Dr. Babcock moved the circuit court for summary judgment.  The circuit court granted the summary judgment in favor of Dr. Babcock finding, as a matter of law that Kneece was unable to establish a causal connection between the delay in diagnosis and Mr. Kneeces subsequent death.  This appeal followed.
STANDARD OF REVIEW
In reviewing the grant of a summary judgment motion, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP.  Laurens Emergency Med. Specialists, P.A. v. M.S. Bailey & Sons Bankers, 355 S.C. 104, 109, 584 S.E.2d 375, 377 (2003).  Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Baughman v. Am. Tel. & Tel. Co., 306 S.C. 101, 114-15, 410 S.E.2d 537, 545 (1991).  In ruling on a motion for summary judgment, the evidence and all the inferences which can be drawn therefrom should be viewed in the light most favorable to the non-moving party.  George v. Fabri, 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001).  At the summary judgment stage of litigation, the court does not weigh conflicting evidence with respect to a disputed material fact.  South Carolina Prop. & Cas. Guar. Assn v. Yensen, 345 S.C. 512, 518, 548 S.E.2d 880, 883 (Ct. App. 2001).
LAW/ANALYSIS
I.  Kneeces shortened life argument
Kneece first argues the circuit court erred in granting summary judgment in favor of Dr. Babcock because the circuit court failed to consider that Dr. Babcock negligently shortened Mr. Kneeces life by failing to begin cancer treatments earlier.  We find this issue is not preserved for appeal.
In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court.  Holy Loch Distrib., Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000).  Where a party raises an issue, but the circuit court never rules on it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.  Noisette v. Ismail, 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991).
The circuit court order granting summary judgment did not address Kneeces theory that Dr. Babcock could be held liable for shortening Mr. Kneeces life.  Absent a Rule 59(e) motion to alter or amend the order to receive a ruling on this issue from the circuit court, it is not preserved for our review.
II.  Loss of chance of survival doctrine
Kneece next alleges recovery in this matter should be allowed under the loss of chance of survival doctrine.  We disagree.
The South Carolina Supreme Court expressly and unanimously rejected the loss of chance of survival doctrine in Jones v. Owings, 318 S.C. 72, 77, 456 S.E.2d 371, 374 (1995).  As Chief Justice Toal states in her treatise on South Carolina appellate practice, the Court of Appeals is an error-correction court, whereas the Supreme Court is a law-giving court.  The decisions of the Supreme Court bind the Court of Appeals.  Toal, Vafai & Muckenfuss, Appellate Practice in South Carolina, at 12 (2d ed. 2002).  See also S.C. Const., art. V. § 9 (establishing the jurisdiction of the court of appeals and explaining the binding effect of supreme court opinions); Daniels v. City of Goose Creek, 314 S.C. 494, 498, 431 S.E.2d 256, 260 (Ct. App. 2003) (holding that any modification of supreme court case law must be undertaken by the supreme court).  
Therefore, we reject Kneeces contention that the circuit court erred in denying recovery under the loss of chance of survival theory.  
CONCLUSION
For the foregoing reasons, the circuit courts grant of summary judgment in favor of William H. Babcock, M.D., and South Carolina Oncology Associates, P.A., is hereby
AFFIRMED.
HEARN, C.J., and BEATTY and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.