THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Charles Nemon
 Vandross, Appellant.
 
 
 

Appeal from Greenwood County
 Wyatt T. Saunders, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2009-UP-192
Submitted April 1, 2009  Filed May 5,
 2009    
AFFIRMED

 
 
 
 Chief Appellate Defender Joseph L. Savitz, III, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant
 Attorney General Melody J. Brown, all of Columbia; and Solicitor Jerry W. Peace,
 of Greenwood, for Respondent.
 
 
 

PER CURIAM:  Charles Nemon Vandross appeals his convictions for murder,
 first-degree burglary, kidnapping, and possession of a weapon during the
 commission of a violent crime.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities.
1.  As to whether the trial court erred by
 preventing Vandross from introducing evidence of third party guilt: State v.
 Saltz, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001) ("The
 admission or exclusion of evidence is left to the sound discretion of the trial
 judge, whose decision will not be reversed on appeal absent an abuse of
 discretion."); State v. Gregory, 198
 S.C. 98, 104-05, 16 S.E.2d 532, 534-35 (1941) ("[E]vidence
 which can have (no) other effect than to cast a bare suspicion upon another, or
 to raise a conjectural inference as to the commission of the crime by another,
 is not admissible . . . . [B]efore such testimony can be received, there must
 be such proof of connection with it, such a train of facts or circumstances, as
 tends clearly to point out such other person as the guilty party.  Remote acts, disconnected
 and outside the crime itself, cannot be separately proved for such a purpose.").
2.  As
 to whether the trial court erred in admitting photographs of the crime scene,
 including photographs of a Bible in close proximity to the victim: Holy Loch
 Distribs., Inc. v. Hitchcock, 340
 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) ("In order to preserve
 an issue for appellate review, the issue must have been raised
 to and ruled upon by the trial court."); State v.
 Benton, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000) (holding an appellant may not argue one ground for objection at trial and a different ground on appeal).  
AFFIRMED.
SHORT,
 THOMAS, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.