**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Wells Fargo Bank, N.A. Ultimate Successor to First Union National Bank, Respondent,

v.

Albert J. Sanders, Jr.; AJS Properties, LLC; Branch Banking and Trust Company Ultimate Successor to Southern National Bank of South Carolina; First Palmetto Savings Bank, FSB, Defendants,

Of which Albert J. Sanders, Jr. and AJS Properties, LLC are the Appellants.

Appellate Case No. 2018-001161

---

Appeal From Lexington County
Lisa Lee Smith, Special Referee

---

Unpublished Opinion No. 2021-UP-161
Submitted March 1, 2021 – Filed May 12, 2021

---

**AFFIRMED**

---

William Wesley Johnson, Jr., of Law Office of Wes Johnson, of West Columbia, for Appellants.

Chad Wilson Burgess, of Brock & Scott, PLLC, Matthew Todd Carroll, of Womble Bond Dickinson (US) LLP,

and Alan Martin Stewart, of Hutchens Law Firm, all of Columbia; and Shelton Sterling Laney, III, of Womble Bond Dickinson (US) LLP, of Greenville, all for Respondent.

––––––––––

**PER CURIAM:** Albert J. Sanders appeals the special referee's order of foreclosure and sale of Sanders's property. On appeal, Sanders argues the special referee erred in ordering foreclosure because (1) Wells Fargo did not comply with a 2009 Administrative Order[1] from our supreme court prior to foreclosing on his property and (2) Wells Fargo had unclean hands. We affirm pursuant to Rule 220(b) of the South Carolina Appellate Court Rules.

1. Sanders's argument that Wells Fargo failed to comply with the 2009 Administrative Order is not preserved for appellate review. *See Holy Loch Distribs., Inc. v. Hitchcock*, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000) ("In order to preserve an issue for appellate review, the issue must have been raised to and ruled upon by the trial court."). Sanders did not argue Wells Fargo failed to comply with the 2009 Administrative Order in his answer or during trial. Although Sanders did testify regarding his desire to modify his mortgage, he did not specifically challenge Wells Fargo's compliance with the 2009 Administrative Order. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("Moreover, an objection must be sufficiently specific to inform the [special referee] of the point being urged by the objector.").

2. Sanders's argument that Wells Fargo operated with unclean hands is not preserved for appellate review. Although Sanders raised the issue of unclean hands in his answer, he did not file a Rule 59(e) motion after the trial court failed to rule on the issue. Additionally, Sanders did not argue the issue to the special referee. *See Wilder Corp.*, 330 S.C. at 76, 497 S.E.2d at 733 ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party must file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").

––––––––––

[1] *See In re Mortgage Foreclosures and the Home Affordable Modification Program (HMP)*, 2009–05–22–01 (S.C. Sup. Ct. Order dated May 22, 2009).

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.